STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. GEORGE ALLEN GASTON, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 21, 1964—Decided January 21, 1965.

Before Judges CONFORD, KILKENNY and LEWIS.

*Mr. Charles E. Starkey,* assigned counsel, argued the cause for appellant.

*Mr. Richard A. Grossman,* Assistant Prosecutor of Ocean County, argued the cause for respondent (*Mr. William H. Huber,* County Prosecutor, attorney).

PER CURIAM. Defendant Gaston was tried by a jury and convicted in the Ocean County Court for atrocious assault and battery upon one Chambers. The weapon employed was a jagged-necked portion of a broken bottle. Gaston was sentenced to State Prison for four to seven years, with credits for time served. His attempt to prosecute an appeal was out of time.

A subsequent petition for a writ of *habeas corpus* was dismissed by the trial court, which found, after a full hearing, that Gaston had received a complete, fair and constitutionally valid trial. Defendant appeals from that determination, contending in essence that (1) he had not been represented adequately by his assigned attorney in the *habeas corpus* proceedings, and (2) he had not been represented adequately by his assigned trial counsel.

We are convinced from a reading of the record that defendant's criticisms of his court-appointed representatives are lacking in substance and, for the most part, are specious and unjustified. See *State v. Dennis,* 43 *N. J.* 418 (1964), and the cases therein cited. Note also *U. S. v. Cariola,* 211 *F. Supp.* 423, 427 (*D. N. J.* 1962), affirmed 323 *F. 2d* 180 (3 *Cir.* 1963) ; *State v. Johnson,* 63 *N. J. Super.* 16, 42 (*Law Div.* 1960), affirmed 34 *N. J.* 212 (1961) ; *State v. Wolak,* 26 *N. J.* 464, 483–484 (1958) ; *State v. Andrews,* 79 *N. J. Super.* 17, 22 (*App. Div.* 1963).

A recitation of the facts is unnecessary, but certain aspects of this case commend themselves for brief comment.

■ While defendant was afforded a full opportunity at the hearing on application for *habeas corpus* to make known and to elaborate upon any phase of his complaints, we do not sanction the method employed in part by assigned counsel, *i. e.,* calling the petitioner to the witness stand and asking him questions respecting his complaint with the representation afforded him. The first question to the defendant on his direct examination was:

"Q. Mr. Gaston, in your petition, under the first factual situation which you refer to, you state that your counsel was ineffective and was incompetent, and you state further about the interview.

Would you please amplify this statement to the Court, and in what manner was Mr. M * * * incompetent in representing you?"

and later:

"Q. All right. Now, do you have anything else, other than the matter of the five witnesses, in which you feel that Mr. M * * * did not properly represent you?"

This was not the appropriate way to adduce the petitioner's grievance. Counsel should have methodically developed, through the time-honored and traditional question-and-answer procedure, all material facts he deemed advisable and upon which he intended to argue legal conclusions appropriate to the advancement of his client's cause. In the instant case, however, the prisoner was not prejudiced as the essential facts were ultimately brought to light. They amply support the conclusions of the trial court.

It is clear that defendant committed the crime for which he was charged, and that he presently contends as a defense that Chambers had struck him first, even though at the time of trial he relied upon an alibi. There is nothing in the record to indicate that the witnesses he now maintains should have been subpoenaed to testify at his trial were in fact available and, if they were, that they would have corroborated his claimed alibi or would have in any way been favorable to him.

The claims of an unconstitutional arrest and illegal search and seizure are without merit. A crime had been committed, and the police officers had probable cause to make the arrest. Neither the broken bottle weapon nor the premises where it was found were in the possession of defendant at the time the search was made and the weapon was seized.

Assigned trial counsel gave testimony that he was unable to say with positive knowledge that he had advised defendant as to his right of appeal, but he probably had done

so—he had "that sense of certainty" he had. In the absence of persuasive evidence to the contrary, it can be assumed that prisoners are aware of the availability of an appeal within stated time limitations. The trial judge correctly observed that the right of appeal is now a matter of common knowledge.

We find no substantial departure from fundamental fairness in defendant's trial which resulted in his conviction.

Affirmed.