Hallows, J.
 

 In respect to the claim of an unlawful search and seizure the facts seem not to be in dispute. About 10:30 p. m. on December 8, 1962, three Milwaukee police officers from the narcotics division of the vice squad arrested Dodd on an assault and battery warrant in an apartment on the north side of Milwaukee. At that time he was dressed in pajamas and was in the company of one Janice Nelson who was clothed in a negligee and a robe. Upon learning Dodd and Janice Nelson were not married and Dodd had been living at the apartment for about a month, the police placed Dodd under arrest for lewd and lascivious conduct. The officers then made a search of the apartment which consisted of a living room, bedroom, dining room, bathroom, and kitchen. Off of the living room was a small closet, in which one of the police officers found a knitted-shirt sweater belonging to Dodd and upon going through its pockets found two seeds of marijuana. The search continued of other clothing in the closet, a dresser, the bathroom, and other parts of the apartment. Marijuana was found in clothing which belonged to Janice Nelson but that search is not before us.
 

 
 *650
 
 Prior to trial, Dodd moved to suppress the evidence of the marijuana found in his shirt pocket on the ground the search was unreasonable in scope as a search incidental to either an arrest for battery or for lewd and lascivious conduct. Upon his trial, the evidence of the marijuana, over his objection, was allowed in evidence and the conviction resulted.
 

 It is claimed by the state the search was reasonable because a search upon arrest may be properly made of property within the immediate presence, control, and surroundings of the person arrested for weapons and for evidence of the crime of battery and further, since Dodd was clad in pajamas, the police were entitled to search the defendant’s clothing as a constructive extension of his person in order to make sure he obtained no weapons while dressing. It is further claimed that because Dodd was arrested for lewd and lascivious behavior they were authorized to search the premises for evidence and fruits of that crime such as clothing, rent receipts, and keys; and if, in the process of such search, contraband material was found, it could be confiscated and would constitute evidence of the crime of possession of marijuana.
 

 This explanation of the scope and intensity of the search as incidental to the two arrests is unconvincing and on the facts the search seems to this court to be an exploratory search for narcotics without a search warrant and wholly unjustified as an incidental search to an arrest for battery or for lewd and lascivious behavior. In
 
 Barnes v. State
 
 (1964), 25 Wis. (2d) 116, 130 N. W. (2d) 264, this court, relying on
 
 United States v. Lefkowitz
 
 (1932), 285 U. S. 452, 52 Sup. Ct. 420, 76 L. Ed. 877, said an arrest may not be used as a pretext to search for evidence. In
 
 State v. Stevens
 
 (1964), 26 Wis. (2d) 451, 132 N. W. (2d) 502, we stated (p. 458):
 

 “A search incidental to an arrest whether of the person or place must bear a reasonable relationship in time and place
 
 *651
 
 to the arrest.
 
 Browne v. State
 
 (1964), 24 Wis. (2d) 491, 129 N. W. (2d) 175, 131 N. W. (2d) 169;
 
 Preston v. United States
 
 (1964), 376 U. S. 364, 84 Sup. Ct. 881, 11 L. Ed. (2d) 777. Such a search being without a warrant is limited under the rules of reasonableness and fair play by the purpose or purposes for which the defendant was arrested.
 
 Harris v. United States
 
 (1947), 331 U. S. 145, 67 Sup. Ct. 1098, 91 L. Ed. 1399;
 
 United States v. Rabinowitz
 
 (1950), 339 U. S. 56, 70 Sup. Ct. 430, 94 L. Ed. 653. With such scope of the search, instruments, evidence, and fruits of the crime for which the defendant was arrested may be searched for and seized. Likewise, weapons and instruments of escape may be searched for and taken to insure the safety of the arresting officers and the custody of the person arrested.
 
 Agnello v. United States
 
 (1925), 269 U. S. 20, 46 Sup. Ct. 4, 70 L. Ed. 145, 51 A. L. R. 409;
 
 Browne v. State, supra; Stoner v. California
 
 (1964), 376 U. S. 483, 84 Sup. Ct. 889, 11 L. Ed. (2d) 856. If in the process of such reasonable search contraband or other material is found which may constitute evidence of other crimes, such contraband and material may be seized.
 
 Abel v. United States
 
 (1960), 362 U. S. 217, 80 Sup. Ct. 683, 4 L. Ed. (2d) 668.”
 

 It seems rather strange that three police officers of the narcotics division of the vice squad were necessary to arrest an ordinary citizen at 10:30 at night for a battery if that was all that was involved. A search for weapons in the clothing to be worn by Dodd would hardly include such a minute search of a pocket in a shirt as would disclose two seeds of marijuana. Nor would the search for evidence of the crime of battery as bloody clothing justify such an intensive search of a shirt pocket. Not much more can be said for the search for evidence or fruits of the crime of lewd and lascivious behavior — openly cohabiting with a person not one’s spouse under circumstances which imply sexual intercourse.
 

 Searches by police officers when incidental to an arrest or pursuant to a warrant must be reasonable. As we stated in
 
 State v. Stevens, supra,
 
 page 459: “One test of reason
 
 *652
 
 ableness seems to be whether the police are looking for incriminating evidence under an exploratory or rummaging search under the guise of a proper purpose incident to a lawful arrest.
 
 Go-Bart Importing Co. v. United States
 
 (1931), 282 U. S. 344, 51 Sup. Ct. 153, 75 L. Ed. 374;
 
 United States v. Lefkowitz
 
 (1932), 285 U. S. 452, 52 Sup. Ct. 420, 76 L. Ed. 877.” The search to be reasonable under the Fourth amendment to the United States constitution and sec. 11, art. I of the Wisconsin constitution must be limited not only in time and place but also by the purpose of the arrest. A search which might be reasonable as incidental to an arrest for one crime may be entirely unreasonable as an incident to an arrest for another crime. An arrest for possessing narcotics may ground a search which would be entirley unreasonable as a search incidental to an arrest for lewd and lascivious conduct. The record does not disclose whether Dodd was ever prosecuted on his arrest for the battery or for lewd and lascivious conduct, but whether he was or not, the facts point to an unreasonable search for narcotics as an incident of an arrest unassociated with such contraband. The search being unreasonable it was in violation of Dodd’s constitutional rights and it was error to deny the motion to suppress such evidence and the admission of evidence resulting from such search being prejudicial, the conviction based thereon must be reversed.
 

 In Case No. 7690, Dodd argues there is not sufficient evidence to sustain his conviction. After the arrest for lewd and lascivious behavior and while Dodd was out on bail he married Janice Nelson and lived with her in a dwelling on the north side of Milwaukee. On the evening of June 12, 1963, police officers had Dodd’s house under surveillance and had seen two known drug addicts enter the house around 10 p. m. They stayed about forty-five minutes and later upon being arrested, one of these persons furnished the information upon which the search warrant was issued autho
 
 *653
 
 rizing the search for narcotics. About 4 a. m. on June 13, 1963, police officers went to Dodd’s home to execute the search warrant. The officers gained entrance by knocking down the kitchen door and entered the kitchen and then the bedroom. By flashlight, the officers observed the defendant standing beside his bed and his wife lying in the bed. The lights in the bedroom were turned on and a search made of the premises by the officers. The search disclosed an eyedropper with , a black bulb on the floor near the feet of the defendant as he stood beside his bed. This was later found to contain a residue of heroin. A hypodermic needle was found in a floor register of the bedroom about seven or eight feet away from where the defendant was standing. Four tinfoil packages containing traces of white powder, later identified as heroin, were found in the bathroom. Testimony at the trial disclosed Dodd did not have any fresh marks on his arms indicating he had recently used heroin.
 

 It is claimed by Dodd there is insufficient proof to convict him beyond a reasonable doubt because: (1) He had no control of the heroin which was found and (2) the heroin was of such a small quantity as to be incapable of use. This court has not previously decided whether it was necessary to show actual possession of a narcotic in order to be- found guilty of possession under sec. 161.02, Stats.;
 
 [1]
 
 nor has this court yet decided what quantity of a narcotic is necessary to be in the possession of a person to constitute a violation of the section. Most jurisdictions which have considered the first point have held actual physical possession of a narcotic is not necessary, it being sufficient if the defendant has constructive possession or is “within such juxtaposition” to the
 
 *654
 
 narcotic as to justify a finding of possession. See Anno. Narcotic—Possession—What Constitutes, 91 A. L. R. (2d) 810;
 
 People v. Galloway
 
 (1963), 28 Ill. (2d) 355, 192 N. E. (2d) 370;
 
 State v. Hunt
 
 (1962), 91 Ariz. 149, 370 Pac. (2d) 642;
 
 Mickens v. People
 
 (1961), 148 Colo. 237, 365 Pac. (2d) 679;
 
 Wheeler v. State
 
 (1956), 164 Tex. Crim. 189, 297 S. W. (2d) 184;
 
 Peachie v. State
 
 (1953), 203 Md. 239, 100 Atl. (2d) 1.
 

 The heroin was discovered in the house occupied solely by Dodd and his wife. The eyedropper with heroin in it was found in his bedroom within inches of his feet. Four tinfoil packages which contained traces of heroin were found in the refuse container in the bathroom. No claim is made by Dodd that the heroin was not in his exclusive constructive control because his wife had as much control of the house as he did. Proof of joint possession has been held to support a conviction especially in husband-and-wife situations.
 
 People v. Embry
 
 (1960), 20 Ill. (2d) 331, 169 N. E. (2d) 767;
 
 Gallegos v. People
 
 (1959), 139 Colo. 166, 337 Pac. (2d) 961;
 
 King v. State
 
 (1959), 169 Tex. Crim. 34, 335 S. W. (2d) 378;
 
 State v. Puckett
 
 (1961), 34 N. J. 574, 170 Atl. (2d) 437.
 

 Dodd took the stand in his own behalf and suggested or inferred that the presence of the drug was due to the visit earlier that night of the two known drug addicts. But such testimony would not overcome the physical facts which give rise to an inference of knowledge and constructive possession on the part of Dodd which under the circumstances were sufficient to establish the guilt of unlawful possession of heroin beyond a reasonable doubt. Although it is apparent Dodd did not use the heroin personally, the possession of a narcotic prohibited by the section is not restricted to possession for personal use.
 
 Gonzales v. People
 
 (1953), 128 Colo. 522, 264 Pac. (2d) 508;
 
 State v. Reed
 
 (1961), 34 N. J. 554, 170 Atl. (2d) 419, 91 A. L. R. (2d) 797.
 

 
 *655
 
 Dodd argues the quantity of heroin was so minute as to be unusable and, therefore, not sufficient to constitute a violation. It is conceivable that so small a quantity of a narcotic might be present as to telltale or indicate only that there had been a prior possession of a narcotic but which could not be said reasonably to constitute the object of possession. Sec. 161.02, Stats., is a part of the Uniform Narcotic Drug Act which has been adopted by most of the states. The majority rule seems to be that possession of a modicum of an illegal drug is sufficient to bring the defendant within the purview of the statute.
 
 Mickens v. People, supra; Peachie v. State, supra; Schenher v. State
 
 (1956), 38 Ala. App. 573, 90 So. (2d) 234;
 
 People v. Norman
 
 (1962), 24 Ill. (2d) 403, 182 N. E. (2d) 188;
 
 People v. Marich
 
 (1962), 201 Cal. App. (2d) 462, 19 Cal. Rptr. 909.
 

 A modicum means a little or a small quantity and this is to be understood in relationship to the nature of the drug. The amount need not be a usable amount and it was said the quantity of the drug possessed is not material.
 
 Peachie v. State, supra.
 
 This view is taken because the statute does not prescribe any minimum amount which must exist. Narcotics are contraband and dangerous, causing untold harm to users and to the public by illegal use. A more liberal interpretation favorable to drug addicts and those illegally dealing in narcotics cannot reasonably be given. Dodd relies on
 
 State v. Moreno
 
 (1962), 92 Ariz. 116, 374 Pac. (2d) 872, and
 
 People v. Pippin
 
 (1962), 16 App. Div. (2d) 635, 227 N. Y. Supp. (2d) 164, but to the extent those cases stand for a rule that a usable amount of a narcotic is necessary for conviction, we refuse to follow them.
 

 The heroin found in the packets and the eyedropper bulb was a discernible amount and sufficient to use in the performance of chemical tests to determine not only its presence but its nature; it was considerably more than microscopic. We think the intent of sec. 161.02 (1), Stats., was to prohibit
 
 *656
 
 the possession of any narcotic because of its dangerous characteristics and, therefore, a modicum or a small amount is sufficient to ground a conviction under that section.
 

 By the Court.
 
 — The order denying the motion to suppress and the judgment of conviction in Case No. 7175 are reversed; the judgment of conviction in Case No. 7690 is affirmed.
 

 [1]
 

 “Acts prohibited; evidence; penalties; commitment of addicts. (1) It is unlawful for any person to manufacture, possess, have control of, buy, sell, give away, prescribe, administer, dispense or compound any narcotic drug, except as authorized in this chapter. Any person violating this subsection shall be punished as provided in s. 161.28 (1).”