92 N.J. Super. 448 (1966)
224 A.2d 18
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CHARLES J. McDONALD, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 17, 1966.
Decided October 31, 1966.
*449 Before Judges GAULKIN, LEWIS and LABRECQUE.
Mr. Jacob H. Chertcoff argued the cause for appellant (Mr. George S. Grabow, assigned counsel, attorney).
Mr. Archibald Kreiger, Assistant Prosecutor, argued the cause for respondent (Mr. John G. Thevos, Passaic County Prosecutor, attorney; Mr. William Pollack, Assistant Prosecutor, on the brief).
The opinion of the court was delivered by LEWIS, J.A.D.
Defendant appeals from a judgment of conviction entered in the Passaic County Court following a jury verdict that he was guilty of possession and sale of narcotics in violation of R.S. 24:18-4.
The facts, as culled from the testimony presented by the prosecution, are that Joseph Ritucci, an undercover agent for the Federal Bureau of Narcotics, was introduced, either on June 30 or July 1, 1965, through an informer, to one Alexander Dakak and by him to defendant. He met them again on July 8, 1965 and on that occasion, after he had given *450 Dakak $12 for heroin, Dakak told defendant to tell Ritucci "where the stuff is." Ritucci testified that he
"* * * proceeded with McDonald approximately five, six, seven yards, and at that time McDonald stated to me: `Stop. Look behind you to the telegraph pole,' and that, `there will be a book of matches on the sidewalk with the heroin in it.' * * * Once I picked up the book of matches * * * I looked inside * * *. I observed two glassine envelopes containing a white powdered substance, I then put it in my pocket, and I returned to the Bureau of Narcotics."
A chemical analysis demonstrated the presence of heroin in the powder, and both Dakak and defendant were indicted. The former entered a plea of guilty and testified at the trial that defendant was his unwitting dupe and had no knowledge of the nature of his (Dakak's) dealings with Ritucci.
Defendant moved for a judgment of acquittal at the close of the State's case and now urges that its denial was error. We hold the motion was properly denied. The evidence at that time was such that the jury could find beyond a reasonable doubt that defendant was guilty of possession and sale of narcotics. See State v. Reed, 34 N.J. 554, 564, 91 A.L.R.2d 797, 804 (1961); State v. Weissman, 73 N.J. Super. 274, 283, 93 A.L.R.2d 1001, 1007 (App. Div. 1962), certification denied 37 N.J. 521 (1962).
Defendant advances the argument that the State failed to sustain its burden of proving that the substance in the glassine envelopes was illegal, viz., that the powder contained a quantity of heroin sufficient to be of harm. We do not agree with that contention.
The proofs disclose that the glassine envelopes and their contents were delivered by the New Jersey State Police to one John Anderson, "a principal chemist" employed by that organization. He made chemical and physical tests of the white powder and found that the substance was "a combination of diacetel morphine, heroin and quinine."
R.S. 24:18-4 makes it unlawful for any person "to manufacture, possess, have under his control, sell, prescribe, administer, dispense or compound any narcotic drug," *451 except as otherwise authorized by the statute. The act specifically exempts the possession or sale of medical preparations containing limited parts of six contraband drugs. N.J.S.A. 24:18-7. Prior to 1952, heroin was one of the enumerated exceptions, but in that year the Legislature omitted heroin from the list. L. 1952, c. 285, p. 971. Under these circumstances, we find particularly applicable the general rule of construction that "enumerated exceptions in a statute indicate a legislative intent that the statute be applied to all cases not specifically excepted." State v. Reed, supra, 34 N.J., at p. 558, 91 A.L.R.2d, at p. 801. Moreover, defendant did not claim that the white powder in question was for medicinal purposes. Even if an exception had been asserted, R.S. 24:18-46 would be applicable. It provides that
"* * * it shall not be necessary to negative any exception, excuse, proviso, or exemption, contained in this chapter, and the burden of proof of any such exception, excuse, proviso, or exemption, shall be upon the defendant."
In People v. Hines, 30 Ill.2d 152, 195 N.E.2d 712 (Sup. Ct. 1964), defendant Hines was convicted on charges of selling and dispensing narcotics. On appeal, the Supreme Court of Illinois held that the state had not failed to prove that the substance seized was in fact a narcotic because the chemist had performed only a qualitative and not a quantitative test on the drug. See also Peachie v. State, 203 Md. 239, 100 A.2d 1, 2 (Ct. App. 1953), and other cases cited in Annotation, "Narcotic  Possession  What Constitutes," 91 A.L.R.2d 810, at pp. 829-830 (1963); contra cases, Ibid., at pp. 830-831.
The decisions construing the analogous federal statutes, 26 U.S.C.A. §§ 4701-4762, have in general followed the rule that evidence as to quantitative analyses is unessential and that, unless the defendant proves that he comes within one of the statutory exceptions, possession of a drug containing any amount of narcotics is unlawful. See Chin Gum v. United States, 149 F.2d 575, 577 (1 Cir. 1945); Tillman v. *452 United States, 268 F.2d 422, 425 (5 Cir. 1959); Briscoe v. United States, 336 F.2d 960, 961 (D.C. Cir. 1964) (Danaher, J., concurring); Palmer v. United States, 345 F.2d 514, 515-516 (9 Cir. 1965).
We hold that R.S. 24:18-4 does not impose upon the State the burden of showing by quantitative analysis the amount of heroin contained in a drug proscribed by that statute.
Lastly, assigned counsel on appeal, at defendant's request, challenges the adequacy of his representation by assigned trial counsel. Note, R.R. 3:10A-6 (d). We have reviewed each of the charges of inadequacy asserted by defendant and find them to be unsupported and unjustified. See State v. Dennis, 43 N.J. 418, 428 (1964); State v. Gaston, 86 N.J. Super. 292, 294 (App. Div. 1965); Williams v. Beto, 354 F.2d 698, 704-706 (5 Cir. 1965), rehearing denied February 1, 1966.
Judgment affirmed.