**STATE of Missouri, Respondent,**

v.

**Julius YOUNG, Jr., Appellant.**

No. 53039.

Supreme Court of Missouri, Division No. 2.

May 13, 1968.

Norman H. Anderson, Atty. Gen., Gary G. Sprick, Asst. Atty. Gen., Jefferson City, for respondent.

Sawyer Marglous, Clayton, Donald C. Littleton, St. Louis, for appellant.

BARRETT, Commissioner.

In this case, tried by the court after a waiver in open court of a jury (Criminal Rule 26.01 V.A.M.R.), it was charged, in the language of the statute, that the appellant Julius Young, Jr., with a prior felony conviction of robbery, "did then and there (on May 27, 1966) unlawfully and feloniously have in his possession and under his control, a certain quantity of a narcotic drug, to wit: .003 grams of Heroin." RSMo 1959 Supp. § 195.020. The court found the appellant guilty and fixed his punishment at six years' imprisonment. RSMo 1959 § 195.200, subd. 1.(1).

The circumstances were that at 1 p. m. on May 27, 1966, police officer Abernathy arrested the appellant because there was "an order out for a robbery." Another person was with Julius when he was arrested but he was not taken into custody. After the arrest the officer searched Julius and he had in his possession "a brown paper bag containing a pair of shoes, a pawn ticket and three half gelatin capsules." In response to the officer's inquiry Julius said that he didn't know anything about the capsules. The officer testified that Julius said the shoes were his. The defendant, age 22, in testifying in his own behalf denied ownership, connection or knowledge

of the bag and its contents. He said that Evans, shot and killed while Young was in jail, was with him and that he "was carrying this brown paper bag and whatever was in the bag. I never did see what was in the bag." In the police station he did see the shoes, "which was Ralph's shoes, which he was taking to the pawn shop." He says that on the way to the pawnshop the police arrested him for robbery and that he was in jail two weeks before he was charged with possession of heroin "which I had no knowledge of whatsoever."

The officer ·said that the three half capsules were in the bottom of the brown paper bag, he examined them and could see in each of them "a white powdery substance." In each one "(t)here was some visible signs of it in there. * * * Right at the lower end of them, in the base, I guess you would call it, there was what appeared I would say a residue. * * * It might be the wrong word, but it was a portion of it caked down in there." And ·so the officer took the three half capsules to the police laboratory and there the chief of crime analysis scraped the contents of the capsules onto a piece of paper, weighed the contents, "three milligrams," and then made a series of chemical analyses and tests to establish that the "white substance" was heroin.

Upon this appeal the appellant urges the single claim that the court should have directed a verdict in his favor because "an unsubstantial amount of heroin was found on the defendant to prove possession of a narcotic drug—heroin." In his argument it is contended that "only three milligrams were present," a quantity "so infinitesimally small as to actually negate the presence of a narcotic drug." In this connection, relying on California cases (People v. Villalobos, 245 Cal.App.2d 561, 54 Cal.Rptr. 60; People v. Leal, 64 Cal.2d 504, 50 Cal.Rptr. 777, 413 P.2d 665), the appellant contends that in enacting the Missouri statute the legislature intended to penalize "only a person who possessed a substance of a narcotic potential," not a useless "residue" from which Julius was unlikely to get "any effect."

The first difficulty with the appellant's reliance on California decisions is that California is one of but four jurisdictions that have not adopted the Uniform Narcotic Drug Act, the other forty-six jurisdictions, including Missouri, with slight modifications, have adopted the uniform act. Insofar as material here in 1965 Missouri adopted section 2 of the uniform act, adding to it the possession of apparatus: "It is unlawful for any person to manufacture, *possess, have under his control, * * * any narcotic drug,*" except as authorized by law. RSMo 1959 Supp. § 195.020. As others have pointed out under the uniform act, "A modicum of an illegal drug is sufficient to bring the defendant within the purview of the statute." State v. Dodd, 28 Wis.2d 643, 137 N.W.2d 465, 469. That court apparently recognized, however, that "It is conceivable that so small a quantity of a narcotic might be present as to telltale or indicate only that there had been a prior possession of a narcotic but which could not be said reasonably to constitute the object of possession."

The second difficulty with the appellant's contention is that in the trial of this cause it was not established that the quantity of heroin in the capsules was so "infinitesimal" as to be immeasurable or "incalculably small" (Webster's International Dictionary), the analyst scraped the half capsules, weighed the scraped contents and found a calculable, weighable quantity, three milligrams or, as appellant says, "three thousands of a gram." The scales used here, incidentally, "measure out to the fourth decimal place, accurately. That is, it will measure to one-tenth of a milligram." But as indicated, the cross-examination was not directed to the problem of whether there was an ascertainable, weighable quantity of heroin. The analyst was first asked to describe how heroin was used; dissolved in water, placed in a hypodermic needle

and then injected. And then he was asked, "And do you know how small an amount of heroin a user would have to use in order to get some effect from it?" He said that he did not know whether "a user" could "achieve any effect from the use of three milligrams of heroin." He concluded, "I think it would be unlikely."

 The charge here is "possession and under his control," and thus *possession* is the "gravamen of the offense charged" and it was not necessary to prove that he "intended to make some other use of the drug." State v. Virdure, Mo., 371 S.W.2d 196, 202. And by the enactment of the hallucinogenic drugs act in 1967 (RSMo 1959 Supp. § 195.220) and its specific definitions it was not the legislative intent to modify § 195.020 with respect to "any permissible quantity or amount. We conclude that the possession of any amount, even a modicum, of amphetamine is within the prohibition of the statute. * * * The state was not required to prove that the quantity of amphetamine in the solution was sufficient to have an exciting effect on the central nervous system of a human or an animal." State v. Jefferson, Mo., 391 S.W.2d 885, 890. But even under section 2 of the uniform narcotics act there are two views as to "whether possession of a quantity of a narcotic which is insufficient for the ordinary use to which the particular drug is commonly put constitutes 'possession' sufficient to sustain the defendant's conviction." Annotation 91 A.L.R.2d 810, 829, "What constitutes 'possession' of a narcotic drug proscribed by § 2 of the Uniform Narcotic Drug Act." The Virdure and Jefferson cases indicate if they do not authoritatively determine Missouri's alignment. The record in this case was not directed to the question of whether there was a measurable quantity of heroin, it was not claimed that the "modicum" of heroin in the capsules was of such an infinitesimal quantity as to be unmeasurable—it was directed to whether there was such a quantity that "he could get any effect from three milligrams of heroin." Without contra-

diction the record here supports proof of possession of heroin and the test of actual or constructive possession, which may be shown circumstantially (State v. Worley, Mo., 375 S.W.2d 44, 46), is whether "the defendant was aware of the presence and character of the particular substance, and was intentionally and consciously in possession of it." 91 A.L.R.2d 1. c. 811. Accordingly the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.