PEOPLE *v.* HARRINGTON

1. Poisons — Narcotics — Criminal Law — Illegal Possession — Quantity.

> Illegal possession of narcotics is established if, under the facts and circumstances of the case, it can be reasonably inferred that the quantity of narcotics actually discovered, insufficient in amount to be used for the purpose commonly intended, is but a remnant of a larger, usable amount (MCLA § 335.153).

2. Poisons — Narcotics — Criminal Law — Illegal Possession — Quantity — Instructions to Jury.

> Instruction to jury that possession of any quantity of heroin, however small or insignificant, without a license, is a crime, requires reversal of defendant's conviction of illegal possession (MCLA § 335.153).

Appeal from Jackson, Gordon W. Britten, J. Submitted Division 2 May 11, 1971, at Lansing. (Docket No. 9481.) Decided May 19, 1971. Leave to appeal denied, 385 Mich 775.

Robert Harrington was convicted of unlawful possession of a narcotic drug. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *Paula Hosick,* Chief Appellate Attorney, for the people.

*Raymond V. Arnold,* for defendant on appeal.

References for Points in Headnotes
[1] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 45, 47.
[2] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 16, 17.

Before:   DANHOF, P. J., and FITZGERALD and QUINN, JJ.

QUINN, J.   January 7, 1970, a jury convicted defendant of unlawful possession of a narcotic drug. MCLA § 335.153 (Stat Ann 1957 Rev § 18.1123). He was sentenced and he appeals, raising one issue, namely: "Is the possession of a modicum of heroin, insufficient in amount to be used for the purpose commonly intended, a violation of the statute?"

February 21, 1969, defendant and Mary Jean Cox were arrested on a charge of shoplifting. They were transported to the police station in the rear seat of a police car. On the way, the police officer observed defendant in the rear view mirror and defendant was squirming and fidgeting with his hands behind his back. Later, the officer removed the rear seat and two small packages were found. Two metal caps in one of the packages contained a minute residue of heroin. Some small needles, pieces of wire, some gauze, an eye dropper and a packet of matches were also in the packages. A police officer characterized the packages as a "heroin kit".

Research has not disclosed any Michigan authority on the question of the quantity of the narcotic drug required to constitute possession as proscribed by the statute. California requires the quantity to be sufficient for the drug's common use, *People* v. *Leal* (1966), 64 Cal 2d 504 (50 Cal Rptr 777, 413 P2d 665). Texas has adopted a similar rule, *Greer* v. *State* (1956), 163 Tex Crim 377 (292 SW2d 122). The majority of the states that have passed on the question have held that the quantity possessed is immaterial. *State* v. *Dodd* (1965), 28 Wis 2d 643 (137 NW2d 465); *Schenher* v. *State* (1956), 38 Ala

App 573 (90 So 2d 234); *Mickens* v. *People* (1961), 148 Colo 237 (365 P2d 679); *People* v. *Norman* (1962), 24 Ill 2d 403 (182 NE2d 188); *State* v. *McDonald* (1966), 92 NJ Super 448 (224 A2d 18); *People* v. *Young* (Mo, 1968), 427 SW2d 510; *Haley* v. *State* (1969), 7 Md App 18 (253 A2d 424).

Without local precedent, this Court is free to adopt the minority or majority view or to reject both. Our choice should be governed by our judgment of what is the most reasonable, practical and readily applicable rule for efficient law enforcement without undue encroachment on individual rights. It is our judgment that the minority view may restrict efficient law enforcement; a quantity of narcotics sufficient for its common use is not necessarily a concomitant of illegal possession. On the other hand, the majority view that the quantity possessed is immaterial is so broad a view that it may tend to encourage infringement of individual rights.

It is our judgment that a reasonable compromise between the minority and majority views has been proposed in the article "Drugs and the Criminal Law", 12 Crim Law Quarterly 254 (July, 1970). Arthur C. Whealy there suggests that the facts and circumstances in each case be viewed to determine if it can be reasonably inferred that the quantity of narcotic actually discovered is but a remnant of a larger, usable amount. If that inference can be made, illegal possession is established.

The facts of this case demonstrate the propriety of Mr. Whealy's suggestion. We adopt it as the rule applicable in Michigan to unlawful possession of narcotic drug prosecutions. Application of the rule to the case before us requires reversal. The trial court charged the jury, "Now, under our law

possession of any quantity of heroin, however small, or insignificant without having a license is a crime."
Reversed and remanded for new trial.
All concurred.