## 27635.   DANIELS v. THE STATE.

UNDERCOFLER, Justice. Lewis M. C. Daniels was convicted of the offense of armed robbery and sentenced to serve twenty years in the penitentiary.

The evidence shows that the victim of the robbery and his two children were working in his store on Friday night, December 21, 1971. About 8:45 two men entered the store; one had a scar on the left side of his face, wore dark glasses, a raincoat and dark trousers. When the scar-faced man was told the store did not sell beer, he pulled a shotgun from his coat and ordered the victim to lie on the floor, took his billfold and his diamond ring. The other man forced the victim's daughter to give him the money in the cash register. During the robbery, two young girls entered the store. The two robbers then ran out of the store. The victim and his son pursued them but they escaped. The following Monday, a man with a scar on the left side of his face was in the victim's store. When he left, the victim notified the police and described the man's automobile. As a result of this and other information, the police apprehended the appellant who had a scar on the left side of his face and who was identified by the victim, his children, and the two girls as the man who held the shotgun during the robbery. *Held:*

1. The appellant argues that the trial court erred in failing to charge without request: "A person will not be presumed to act with criminal intention, but the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." Code Ann. § 26-605 (Ga. L. 1968, pp. 1249, 1269).

The trial court fully charged the jury on the law of criminal intent and it was not necessary that he give

the exact language of the Code. There is no merit in enumerations of error 3 and 8.

2. Enumerations of error Nos. 2 and 9 complain of certain remarks made by the district attorney during the trial and in his argument to the jury. No objections were made to these statements in the trial court.

"It has been held by this court many times that, when improper argument is made to the jury by an attorney for one of the parties, it is necessary, in order to make the same a basis for review, that opposing counsel make proper objection to it at the time made or invoke some ruling or instruction from the court respecting it, either by way of reprimanding counsel, or of instructing the jury to disregard it, or of declaring a mistrial. A party cannot during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." *Joyner v. State,* 208 Ga. 435, 438 (67 SE2d 221); *Cochran v. State,* 213 Ga. 706 (100 SE2d 919). There is no merit in these contentions of the appellant.

3. The appellant contends the court erred in charging the jury that: "A reasonable doubt may arise out of a consideration of the evidence, from a lack of or insufficiency of the evidence, *or it may be engendered by a defendant's statement."* (Emphasis supplied.)

The appellant contends that the emphasized portion of the above charge was error because the disjunctive "or" was used and that the jury could find reasonable doubt existed "in either lack or insufficiency of the evidence or engendered by the defendant's statement that part of the defendant's statement could be considered along with the other evidence or lack of evidence or may be found from the lack of or insufficiency of the evidence or the defendant's statement." There is no merit in this contention. Substantially the same charge has been given on reasonable doubt and has been approved by this court.

*Bonner v. State,* 152 Ga. 214 (1) (109 SE 291); *Connell v. State,* 153 Ga. 151 (2) (111 SE 545); *Hunsinger v. State,* 225 Ga. 426 (10) (169 SE2d 286).

4. The appellant contends that the trial court erred in charging the jury on the impeachment of witnesses because there was no conflicting testimony "suggesting that witnesses intentionally and deliberately testified falsely." This contention is without merit.

5. Appellant contends that it is the duty of the trial court after charging the jury to inquire of counsel whether there are any objections to the charge given.

Code Ann. § 70-207 (a) provides that in civil cases an opportunity shall be given to make objections to the charge of the court out of the hearing of the jury. There is no provision in Code Ann. § 70-207 (b) which covers criminal cases, that such opportunity for objection shall be provided. Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078. There is no merit in this contention of the appellant.

6. A sixteen-year-old girl who witnessed the crime testified that she lived in the neighborhood of the robbery and that she knew the appellant. Counsel for the appellant on cross examination asked the witness why she did not tell the police officers that night who he was. On redirect examination she testified that they had not asked her. The district attorney then asked her, "Were you afraid?" She testified that she was. The appellant contends that the question "Were you afraid?" was leading and that his objection thereto should have been sustained.

"Whether counsel will be permitted to propound leading questions to a boy 'of immature years,' while testifying, is a matter which addresses itself to the sound discretion of the court; and the allowance of such questions will not be held erroneous unless the discretion is abused." *McCrary v. State,* 137 Ga. 784 (1) (74 SE 536); *Tanner v. State,* 228 Ga. 829 (188 SE2d

512). It follows that there is no merit in this contention of the appellant.

7. The evidence was sufficient to support the verdict and the trial court properly overruled the motion for new trial.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 9, 1973—DECIDED FEBRUARY 8, 1973.

*Stanley H. Nylen,* for appellant.

*Lewis R. Slaton, District Attorney, Carter Goode, William M. Weller, Morris H. Rosenberg, James H. Mobley, Jr., Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, David J. Bailey,* for appellee.