PEOPLE v MURRAY

1. CRIMINAL LAW—WITNESSES—PROSECUTION WITNESSES—CREDIBILITY.

A prosecutor is under a duty to disclose any information which would materially affect the credibility of his witnesses and any deals between the witnesses and the people.

2. CRIMINAL LAW—LINEUP—IDENTIFICATION—ATTORNEY AND CLIENT —WITNESSES—INDEPENDENT RECOLLECTION.

Reversible error did not result because a defendant was not provided with counsel at his lineup although he should have been provided with such where the lineup identification procedures were not so suggestive as to unduly taint the in-court identification and the in-court identification was supported by strong independent recollection of the identifying witnesses.

3. DRUGS AND NARCOTICS—HEROIN—DELIVERY—WITNESSES—EVIDENCE—DOPE HOUSES—INSTRUCTIONS TO JURY.

A prosecution witness's reference to "dope houses" in defendant's trial for unlawful delivery of heroin did not prejudice defendant's case where the context in which the reference appears in the record does not appear to associate defendant with any such places and the trial judge carefully and fully charged the

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witnesses §§ 471, 534.
[2] 21 Am Jur 2d, Criminal Law §§ 313, 368.
   29 Am Jur 2d, Evidence § 371 *et seq.*
   Accused's right to counsel under the Federal Constitution—Supreme Court cases. 2 L Ed 2d 1646, s. 9 L Ed 2d 1260.
   Accused's constitutional right to assistance of counsel. 84 L Ed 383.
[3] 53 Am Jur, Trial §§ 566–569, 584, 775 *et seq.*
[4] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 20–22.
   Construction and effect of "sale" or "sell" in Uniform Narcotic Drug Act. 93 ALR2d 1008.
[5] 47 Am Jur 2d, Jury §§ 195, 198–202, 206–211.
   Propriety and effect of asking prospective jurors hypothetical questions, on voir dire, as to how they would decide issues of case. 99 ALR2d 7.
   Right of counsel in criminal case personally to conduct the voir dire examination of prospective jurors. 73 ALR2d 1187.

jury that there was no contention on the part of anyone that defendant was in any way connected with "dope houses".

4. DRUGS AND NARCOTICS—HEROIN—DELIVERY—UNLAWFUL SALE—USABLE AMOUNT—INSTRUCTIONS TO JURY.

The "usable amount" test for illegal possession of heroin does not extend to cases involving the unlawful sale of drugs, and where a witness in a prosecution for unlawful delivery of heroin testified that he used some of the heroin purchased from defendant, the contention that the people failed to establish that the amount was a usable amount is without merit (MCLA 335.341).

5. CONTINUANCE—CRIMINAL LAW—ATTORNEY AND CLIENT—JURY—VOIR DIRE—PREJUDICE.

Denial of continuance of defendant's trial requested on the ground that his attorney had won a criminal case a week before on a directed verdict before a jury drawn from the panel from which the jury for his trial would be selected was not error because the defendant had the right to examine the jurors on voir dire to determine whether prejudice resulted from the prior trial and where the record does not indicate that any of the previous jury were selected to serve in defendant's case.

Appeal from Kalamazoo, Lucien F. Sweet, J. Submitted Division 3 June 5, 1974, at Grand Rapids. (Docket No. 17588.) Decided August 13, 1974.

DeKent Murray was convicted of unlawful delivery of heroin. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Stephen M. Wheeler,* Chief of Appellate Division, for the people.

*Roman T. Plaszczak,* for defendant on appeal.

Before: HOLBROOK, P. J., and T. M. BURNS and R. L. SMITH,* JJ.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

R. L. SMITH, J. Defendant appeals as of right from a sentence of 5 to 20 years following a jury conviction on· a charge of delivery of heroin (MCLA 335.341[1][a]; MSA 18.1070[41][1][a]). We affirm.

James Delgado was working with the Michigan State Police Narcotics Team as an informer. Delgado had previously met Barry Lee who knew people in southwestern Michigan who were dealing in narcotics. Through Lee defendant was introduced to Delgado, and allegedly sold three tinfoil packets of heroin to Delgado. These packets were turned over to State Trooper Paul Whitford, who was monitoring the transaction, and Whitford gave them to Donald Collins, a laboratory specialist in the Police Crime Laboratory in East Lansing. One packet was analyzed and was found to contain heroin.

During the presentation of the people's case the prosecutor brought out the following facts on direct examination of Lee and Delgado. Lee and his wife had been charged with possession of heroin and both had agreed to cooperate with the police in the hope of receiving reduced charges. Delgado was a school dropout, a disappointed applicant to the Michigan State Police, and in the employ of the police as an informer. Defendant alleges that it is reversible error for the prosecutor to examine the past of these two prosecution witnesses.

The only novel feature of this claim is that defendant argues that it was his right to bring out evidence bearing on witness credibility and that by allowing. the prosecutor to do so it amounts to impeachment of prosecution witnesses by the prosecutor. This Court has previously held that the prosecutor is under a duty to disclose any information which would materially affect the credibility

of his witnesses. *People v Nettles,* 41 Mich App 215; 199 NW2d 845 (1972); *People v Love,* 43 Mich App 608; 204 NW2d 714 (1972). These cases impose an obligation upon the prosecutor to disclose any deals between the witnesses and the people. It follows that such an obligation carries with it the right to disclose. We find no merit in this claim.

Defendant's request for an *Anderson* hearing was granted. *People v Anderson,* 389 Mich 155, 180; 205 NW2d 461 (1973). At this hearing it appeared that witnesses Delgado and Lee participated in both photographic and lineup identification proceedings. Delgado was unable to identify defendant from the photos shown but Lee readily identified him. At the lineup both Delgado and Lee identified defendant. Defendant was not represented by counsel at any of the identifying proceedings although he requested counsel at the lineup.

The trial judge determined that the photo-lineup identification procedures were not so suggestive as to unduly taint the in-court identification, and that the in-court identification was supported by strong independent recollection since Lee had known defendant for some period of time and had been with him on at least 20 occasions, and Delgado had concentrated his attention on identification since he knew he would be called upon to testify against defendant and had met defendant on a subsequent occasion when he was able to identify him.

We see no reason to disagree with the trial judge's findings in the *Anderson* hearing. Although defendant should have been provided with counsel at the lineup, *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974); *People v Anderson,* 391 Mich 419; 216 NW2d 780 (1974), we find no reversible error in view of these findings.

Defendant complains that reference to "dope houses" in the testimony of Delgado was highly prejudicial and reversible error. The context in which the reference appears in the record does not appear to associate defendant with any such places. The trial judge carefully and fully charged the jury that there was no contention on the part of anyone that defendant was in any way connected with "dope houses". Under these circumstances we find no miscarriage of justice. MCLA 769.26; MSA 28.1096.

Defendant contends that the people failed to establish that the amount of heroin involved was a usable amount, citing *People v Harrington,* 33 Mich App 548, 550; 190 NW2d 343 (1971). In *People v McCullough,* 51 Mich App 534; 215 NW2d 774 (1974), this Court refused to extend the *Harrington* rule involving possession of narcotics to sale. Furthermore, the record discloses that Lee testified that he used some of the heroin purchased from defendant by Delgado and the court charged the jury that they should find a usable amount. There is no merit to defendant's contention.

Defendant cites no authority for his claim that the trial judge should have granted his motion for a continuance on the ground that defendant's attorney had won a criminal case a week before on a directed verdict before a jury from the panel from which this jury would be selected. The court noted that the defendant would have a right to voir dire the jurors to determine whether prejudice resulted from the prior trial. The record does not indicate that any of the previous jury were selected to serve here. Defendant has failed to prove any prejudice as a result of the denial of a continuance. *People v Schneider,* 309 Mich 158; 14 NW2d 819 (1944).

The three tinfoil packets of heroin purchased from defendant were marked by James Delgado with his initials (J. D.) in green ink and marked as Exhibits 4, 5 and 6 by the stenographer. Delgado testified that he could recognize Exhibits 4 and 6 because his initials appeared thereon but that on Exhibit 5 he could only make out the initial J in green ink. The laboratory specialist Collins testified that Exhibit 5 was the packet he opened for examination which explained the missing initial D. Collins identified Exhibit 5 as one of the three packets he received from Trooper Whitford. Whitford testified the three packets were marked by Delgado in his presence and that he personally delivered them to Collins. This chain of evidence, if believed by the jury, provided conclusive proof that the three packets exhibited to the jury were the three packets purchased from defendant by Delgado. No error is apparent.

Affirmed.

All concurred.