STATE of Missouri, Respondent,

v.

Alice L. DAVIS, Appellant.

No. KCD 26958.

Missouri Court of Appeals,
Kansas City District.

Nov. 4, 1974.

Willard B. Bunch, Public Defender, Gerald M. Handley, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., C. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

SWOFFORD, Judge.

On August 7, 1973, Alice L. Davis was convicted by a Jackson County jury of possession of heroin, a felony. Thereafter, and on August 30, 1973, appellant was sentenced to three years in the custody of the Missouri Department of Corrections. This is a direct and timely appeal from that judgment and sentence.

The record discloses the following essential facts: On February 28, 1973, Detective Clarence Luther, Patrolman Kuhn, and other members of the Kansas City, Missouri Police Department, went to 2008 East Linwood, Apartment No. 6, in order to execute an arrest warrant for appellant's husband on a charge not related to this case. This apartment was used by appellant, her husband and several other persons, but was not the permanent home of any of them.

Upon knocking on the door and identifying themselves, the officers were voluntarily admitted by appellant, who was alone in the apartment and had been alone therein for several hours. She and her husband had spent the preceding night in a bedroom which appellant described to the officers as "hers".

The officers testified that the appellant, upon their entry, hurried to the bedroom, they followed closely, and discovered on a bedside table the paraphernalia which led to the charge of possession of heroin. They stated they immediately placed appellant under arrest.

Appellant testified that she had been in the apartment since the preceding night from about 10:00 p. m., had watched TV until about 2:00–2:30 a. m., and had awakened around 10:30 a. m. At that time, her husband and all other occupants of the apartment had left and she was alone. She remained in bed for about 30 minutes, did some exercises, took a shower, made the bed, straightened up the bedroom, and made a telephone call from a public telephone on the first floor of the apartment before the police appeared. She testified that she had observed no narcotic equipment in the apartment or her bedroom the preceding night nor at any time that morning, and that none was on the bedside table until the officers made a second visit to her apartment.

The officers testified that after their first visit to appellant's apartment and her arrest, she was left in the custody of another officer and they proceeded to an apartment on the floor above to execute another arrest warrant. Other facts pertinent to the determination of this appeal will be stated hereafter.

■ Appellant presents two points of error on appeal. The first alleges that the court erred in ruling questions posed to the arresting officers concerning their activities after the arrest of the appellant to be irrelevant after the defense had made an offer of proof showing relevancy. In support of this proposition, appellant cites State v. Walden, 490 S.W.2d 391 (Mo.App. 1973); State v. Tevis, 340 S.W.2d 415 (Mo.App.1960), and State v. Moore, 435 S.W.2d 8 (Mo. banc 1968). None of appellant's authorities, however, face the determinative principle raised by the respondent, that this point was not preserved for appeal because no proper offer of proof was made.

Although never clearly or positively stated, apparently it was to be the defense's theory that the police left Mrs. Davis' apartment without arresting her, proceeded to an upstairs apartment where they seized the contraband, that they then returned to Mrs. Davis' apartment, planted the paraphernalia, and arrested appellant for a narcotics violation. During the cross-examination of a Patrolman Kuhn, defense counsel, Mr. Handley, inquired as follows:

"Q. What did you do, sir, after you finished searching apartment 6? What did you do next?

A. We went out of apartment 6 to another apartment in the building.

Q. And where was that at, sir?

MR. McNEARNEY: At this time, your Honor, I am going to object to this question and this line of questioning as being immaterial and irrelevant to this case.

MR. HANDLEY: Your Honor, the relevancy in this is in terms of the arrest.

THE COURT: In what way?

MR. HANDLEY: Well, in the way that the officer has testified as to her arrest at that time in that apartment building. The officers then proceeded to another apartment in the building. It will be the defense's theory to show that Mrs. Davis was not in fact placed under arrest until after the officers went to the third floor and knocked down a door and came back down—left the building and then came back and arrested her. I think it's relevant as to the theory of possession and arrest.

THE COURT: You have already asked him who put her under arrest.

MR. McNEARNEY: Both officers have testified that they placed her under arrest immediately after they found the narcotics. The defense theory is—

THE COURT: If you want to try to impeach him on it and ask him if he did in truth put her under arrest at that time instead of later, you can ask that. I think he has already stated that. I will sustain the objection."

■ Respondent correctly contends that defense counsel's offer was not sufficiently specific to preserve this point for review. In Missouri, facts and reasons which are given in an offer of proof must be specific and demonstrate the relevancy of the testimony which is desired. State v. Umfrees, 433 S.W.2d 284, 286 [1, 2, 3] (Mo. banc 1968). The Missouri Supreme Court has stated that it must assume that the party making an offer of proof stated it as fully and favorably as he could. Umfrees, supra; Rutledge v. Baldi, 392 S.W.2d 244, 248 [3, 4] (Mo.1965). Further, it is not error to exclude evidence, the relevance of which is not apparent, unless the party

seeking its admission states the nature of the testimony he seeks to elicit and the purpose for which it is offered. State v. Feltrop, 343 S.W.2d 36, 38 [7] (Mo. 1961).

In *Umfrees,* supra, the Supreme Court held that refusal to admit in evidence the testimony of an inmate that the prosecution witness, very shortly after a prison stabbing told them to "[t]ell Tommy that I took care of the deal", was not improper, as the testimony offered was vague and uncertain, as its relevancy and materiality were not demonstrated in the offer, and its admission would, rather than tending to prove or disprove any material issue, tend to create confusion and speculation. As in *Umfrees,* the offer of proof in the instant case does not apprise the court of defendant's theory of "planting". Rather, the defense stated the theory to be that Mrs. Davis was not placed under arrest until after the officers went to the third floor apartment, knocked down a door and came back down, left the building, and then came back and arrested her. Defense counsel stated that this was "relevant to the theory of possession and arrest". This offer in no way apprised the court of the defense theory.

In regard to the testimony of Detective Luther, the offer was substantially the same, the court again not feeling that the police activity, after the arrest and in another apartment, would tend to prove or disprove a fact in issue, but would rather tend to draw the jury's attention away from the issue it was called upon to resolve.

As the state points out, there was nothing mentioned in the offer of proof concerning the introduction of evidence which would show that the narcotics paraphernalia found in appellant's apartment had originally been found in the upstairs apartment. As the grounds for error specified in appellant's motion for new trial and in her brief on appeal bear no resemblance to the grounds specified by her offer at the

time the alleged error was committed, the point on appeal has not been preserved for review. State v. Turnbull, 403 S.W.2d 570, 573 [4] (Mo.1966). Appellant's Point I is therefore without merit.

Appellant's Point II assigns as error the trial court's overruling of the defense motion for a judgment of acquittal at the close of all the evidence, because there was not sufficient evidence of possession of heroin. This point is likewise without merit, but presents a closer question of law than Point I.

■ In testing the sufficiency of evidence by motion for judgment of acquittal, facts and favorable inferences reasonably drawn therefrom must be considered in the light most favorable to the state, and all evidence and inferences contrary must be disregarded. State v. Watson, 350 S.W.2d 763, 766 [1] (Mo.1961); State v. Colthorp, 437 S.W.2d 75, 76 [1] (Mo. 1969); State v. Bruton, 383 S.W.2d 525, 527 [1] (Mo.1964), and State v. Banister, 512 S.W.2d 843 [7] (Mo.App.1974). With this in mind, a short summary of the evidence of possession is in order. The following appears of record:

1. That narcotics and narcotics paraphernalia were found in appellant's apartment in a room she informed officers was hers, and in which she had spent the previous night.

2. That upon the police entry into her apartment, she hurried to the bedroom.

3. That although others had access to the room and the apartment, at the time of arrest the appellant was in exclusive control of the premises.

4. That appellant testified to being in the room straightening up that morning and that the items were seized in plain view on a bedside table.

Respondent contends that these circumstances give rise to a reasonable inference that appellant knew of the narcotics pres-

ence and that she would have been able to reduce them to her possession. Appellant contends that the only evidence of possession was the discovery of heroin in an apartment having seven or eight tenants, citing State v. McGee, 473 S.W.2d 686 (Mo.1971), for the proposition that this alone is insufficient to sustain a conviction for possession, in the absence of other incriminating circumstances. But, unlike *McGee,* appellant was in sole possession of the apartment and had been for three hours prior to the discovery of heroin in plain view in her bedroom. The fact of exclusive present possession was emphasized in State v. Virdure, 371 S.W.2d 196, 201 [7, 8] (Mo.1963), to allow the reasonable inference that appellant knew the narcotic was there upon her property.

 In order to establish a violation of Section 195.020, RSMo 1969, V.A.M.S., the evidence need not show actual physical possession on the part of the defendant; the illegal possession may be constructive. State v. Edwards, 317 S.W.2d 441, 447 [7] (Mo. banc 1958); State v. Caffey, 365 S.W.2d 607, 611 [9] (Mo.1963). The test is whether the defendant was aware of the presence and character of the particular substance—and was intentionally and consciously in possession of it. State v. Young, 427 S.W.2d 510, 513 [1, 3] (Mo. 1968); Annotation 91 A.L.R.2d 810, 1. c. 811. Further, the requisite possession need not be exclusive and may be shown circumstantially. State v. Worley, 375 S.W. 2d 44, 47 [4] (Mo.1964); State v. Young, supra.

 It is clear that at the time of arrest, the Linwood apartment was in the exclusive possession of the appellant; therefore, knowledge of the heroin's presence, coupled with the ability to maintain control over it, may be inferred. *Virdure,* supra.

 If the apartment was considered to be in the joint possession of appellant and others at the very time of her arrest, the knowledge of the presence of drugs and the ability to maintain control cannot be inferred, but must be established by proof —and such proof may be established by evidence of actual knowledge, or, as here, by circumstances from which the jury might infer knowledge of the heroin's presence on the premises and her ability to maintain control over it. *Virdure,* supra. Scienter, then, is a jury question. *Virdure,* supra. In United States v. Bridges, 419 F.2d 963, 968 [9, 10, 11] (C.A. 8 1969), evidence that narcotics found in a drawer in a bedroom which defendant shared with her spouse sustained a finding of possession in the defendant. Furthermore, in *Bridges,* the court held that even non-exclusive control over an apartment where a narcotic is found is strong evidence of control over the narcotic itself—if there is other evidence of control. Here, there is ample *other* evidence of control.

 As the appellant was in exclusive possession of the apartment at the time of the seizure, the state made out a submissible case for the jury's consideration in that they established a narcotic in the appellant's bedroom. The reasonable inferences to be drawn from this fact are for the jury.

It should be further noted that the state made a submissible case even if the premises were to be considered within the joint possession and control of appellant and her cotenants. The state, to meet that burden, had only to supply the other incriminating circumstances as set forth above.

From these circumstances, it was reasonable to infer guilty knowledge of the presence of narcotic drugs and paraphernalia within the premises under her immediate control, thus establishing constructive possession of narcotics circumstantially, which is sufficient. State v. Young, supra. Appellant's Point II is, therefore, without merit.

No error appearing, the judgment of the Circuit Court must be affirmed.

All concur.