## 51969. PARTAIN v. THE STATE.

McMURRAY, Judge.

The defendant was indicted in two counts for violation of the Georgia Controlled Substances Act: possession of marijuana and possession of cocaine. He was acquitted on the marijuana charge and convicted of possessing cocaine. He appeals the judgment of conviction and the denial of his motion for new trial. *Held:*

1. The evidence shows that the defendant's apartment was searched by agents of the Georgia Bureau of Investigation. The agents found a pair of scales with a white residue on the metal pans and a pipe containing a leafy material. The state crime lab analyzed the white residue on the metal pans and found it positive for cocaine. The examiner from the crime lab testified that the white residue on the pans was slightly visible; it was so slight that it could not be weighed in the crime lab. In order to determine the nature of the residue, the examiner washed the pans in an acid solution and examined the acid washings. This acid washing was then thrown away. The examiner testified that the powder was positive for cocaine, but he could not determine the concentration of cocaine in the powder.

2. Defendant argues that he was denied due process of law because his expert was unable to examine the alleged cocaine. This court has held that a defendant's constitutional rights are not violated by the absence of an independent analysis of a drug which has been examined by the state crime lab. See *Patterson v. State,* 138 Ga. App. 290. Accordingly, this enumeration of error is without

merit.

3. Defendant urges error in the court's refusing to grant a new trial on the grounds that the prosecutor made prejudicial statements during closing argument. No objection was made to the prosecution's comments during the trial of the case. "[W]hen improper argument is made to the jury by an attorney for one of the parties, it is necessary, in order to make the same a basis for review, that opposing counsel make proper objection to it at the time made or invoke some ruling or instruction from the court respecting it, either by way of reprimanding counsel, or of instructing the jury to disregard it, or of declaring a mistrial. A party cannot during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." *Daniels v. State,* 230 Ga. 126 (2) (195 SE2d 900).

4. Defendant made a motion after the trial of the case to supplement the record with his proposed requests to charge. The trial court denied the motion and stated in its order: "Defendant's alleged requests to charge do not comply with the rules of Court. The affidavits are inconsistent with the record and with the Court's recollection as to the matter. In view of the above, the Court expressly denies the defendant's motion and amended motion to supplement the record." We find no error in the trial court's denial of the defendant's motion to supplement the record.

5. Defendant enumerates error to the trial court's failure to rule as a matter of law that there was an insufficient amount of the alleged drug to convict the defendant. This court has never decided whether there may be a "minimum amount of an illegal substance below which no claim of intentional possession will be sustainable." See *Wallace v. State,* 131 Ga. App. 204, 205 (2) (205 SE2d 523).

Regardless of the amount, however minute, if it is enough for the officers to recover, as small as it may be, and capable of being identified by expert chemical analysis, such testimony would be sufficient when considered with other evidence as to possession.

As the law now reads it refers to any substance of "coca leaves, any salt, compound, derivative, or

preparation of coca leaves," or any substances which are chemically equivalent or identical with any of these substances containing cocaine, but not decocainized coca leaves or extractions. See Code Ann. § 79A-807 Schedule II (Ga. L. 1974, pp. 221, 235).

Accordingly, the trial court did not err in failing to rule as a matter of law that there was an insufficient amount of the alleged drug to convict the defendant.

6. Defendant argues that the trial court improperly charged the jury regarding the quantity of narcotic necessary to sustain a conviction. The trial judge was authorized to charge the statute as to possession of any substance containing cocaine as being illegal. See Code Ann. § 79A-807, supra. The charge as given was correct as the court specifically explained to the jury that it was not intimating whether or not there had been possession of a prohibited substance as to the amount, large or small. The jury is the judge of both the law and the fact in this state. See Constitution of 1945 (Code Ann. § 2-201); Code Ann. § 27-2301. The question as to the amount of the substance was solely for jury determination under the law as given by the court in its charge.

But we find no enumeration of error complaining of the charge. Therefore, we cannot pass on this question since it is not properly before this court for review.

*Judgment affirmed. Marshall, J., concurs. Pannell, P. J., concurs specially.*

ARGUED APRIL 7, 1976 — DECIDED JUNE 29, 1976 — REHEARING DENIED JULY 16, 1976 — ▮▮▮▮▮▮▮

*Herbert Shafer,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E. Wall, H. Allen Moye, Assistant District Attorneys,* for appellee.

PANNELL, Presiding Judge, concurring specially.

I concur in the judgment of affirmance; however, I disagree with the majority's holding that the amount of illegal substance possessed is immaterial. Although this question has never been decided in Georgia, other states

have considered the problem and have established varying rules.

"California requires the quantity to be sufficient for the drug's common use, People v. Leal (1966), 64 Cal.2d 504, 50 Cal.Rptr. 777, 413 P.2d 665. Texas has adopted a similar rule, Greer v. State (1956), 163 Tex. C.R. 377, 292 S.W.2d 122. The majority of the states that have passed on the question have held that the quantity possessed is immaterial. State v. Dodd (1965), 28 Wis.2d 643, 137 N.W.2d 465; Schenher v. State (1956), 38 Ala. App. 573, 90 So.2d 234; Mickens v. People (1961), 148 Colo. 237, 365 P.2d 679; People v. Morman (1962), 24 Ill.2d 403, 182 N.E.2d 188; State v. McDonald (1966), 92 N.J. Super.448, 224 A.2d 18; State v. Young (Mo.1968), 427 S.W.2d 510; Haley v. State (1969), 7 Md. App. 18, 253 A.2d 424." People v. Harrington, 33 Mich. App. 548 (190 N.W.2d 343).

The Michigan Court of Appeals adopted what it termed a "compromise between the minority and majority views." The court reasoned as follows: "It is our judgment that the minority view may restrict efficient law enforcement; a quantity of narcotics sufficient for its common use is not necessarily a concomitant of illegal possession. On the other hand, the majority view that the quantity possessed is immaterial is so broad a view that it may tend to encourage infringement of individual rights. It is our judgment that a reasonable compromise between the minority and majority views has been proposed in the article 'Drugs and the Criminal Law', 12 Crim. Law Quarterly 254 (July 1970). Arthur C. Whealy there suggests that the *facts and circumstances in each case be viewed to determine if it can be reasonably inferred that the quantity of narcotic actually discovered is but a remnant of a larger, usable amount. If that inference can be made, illegal possession is established.*" (Emphasis supplied.) People v. Harrington, supra.

It is my judgment that the Michigan rule is the better rule and should be adopted by this court. This rule establishes a guideline by which the jury can determine if the defendant's possession is intentional, as opposed to an unknowing possession.

Application of this rule to the present case would

result in an affirmance of the guilty verdict. The facts and circumstances surrounding the possession of the cocaine would have authorized a finding that the traces were but a remnant of a larger, usable amount. Accordingly, there was no error in the court's failing to rule as a matter of law that there was an insufficient amount of the alleged drug to convict the defendant.