**STATE of Missouri, Respondent,**

v.

**Dallas RICHMOND, Appellant.**

No. 37118.

Missouri Court of Appeals,
St. Louis District,
Division Two.

July 27, 1976.

Neal P. Murphy, Asst. Public Defender, Robert C. Babione, Public Defender, James C. Jones, Asst. Public Defender, St. Louis, for appellant.

Preston Dean, Sheila K. Hyatt, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Michael G. Ravetta, Asst. Circuit Atty., St. Louis, for respondent.

STEWART, Judge.

Defendant was convicted of Burglary Second Degree. Pursuant to the Second Offender Act he was sentenced by the trial court to eight years imprisonment. We affirm.

The facts can be briefly stated. About 9 a.m. on October 7, 1974, Stephen Gay left his apartment in the City of St. Louis. About 10 a.m. a policeman, responding to a burglary report, saw the defendant climbing out of the front window of Mr. Gay's apartment and arrested him. Defendant was searched at the police station; in his trousers pocket was Mr. Gay's high school class ring. Other police officers responding to the burglary call went to the rear of the apartment and found a rear window (sometimes referred to in the record as the "alcove window") open.

Mr. Gay returned to his apartment about 11:30 a.m. He found the inside of his apartment in a shambles. He also noticed that a trash can, which usually was right outside the back door, was placed directly under the rear window, which was 8–10

feet above the ground. Mr. Gay testified positively that this window was closed when he left the house.

Defendant's sole contention on appeal is that the court erred in denying his motion for acquittal at the close of all the evidence, because the state had failed to prove the essential element of a "breaking."

In testing the sufficiency of the evidence on defendant's motion for judgment of acquittal, the evidence and all reasonable inferences therefrom must be viewed in a light most favorable to the state, and evidence and inferences to the contrary must be rejected. *State v. Davis,* 515 S.W.2d 773[3] (Mo.App.1974).

In this case the testimony of Mr. Gay, viewed most favorably for the state, stated he closed all his windows when he left his residence "as far as I remember." But he was sure that the rear window, under which the trash can was found, was closed. A jury could reasonably infer and believe that the apartment windows were closed, that defendant placed the trash can under the rear window, opened that window, entered the apartment and exited through the front window as observed by the arresting officer.

Defendant emphasizes that Mr. Gay testified he could not state with certainty that all the windows were closed when he left the apartment. But this does not affect the submissibility of the case. A witness is not required to speak with such confidence as to exclude all doubts in his mind; his qualification of his testimony affects only its probative force. *State v. Degraffenreid,* 477 S.W.2d 57, 60 (Mo. banc 1972). In that case the victim testified he could not be "absolutely positive" but he was "almost positive" that the residence door was closed. The court ruled his doubt did not preclude the defendant's conviction for second degree burglary.

We find that there was sufficient evidence of a "breaking" to submit the case to the jury.

The judgment is affirmed.

CLEMENS, P. J., and DOWD, J., concur.