**STATE of Missouri, Respondent,**

v.

**Ronnie BARR, Appellant.**

**No. KCD 29208.**

Missouri Court of Appeals, Kansas City District.

April 3, 1978.

Motion for Rehearing and/or Transfer Denied May 1, 1978.

Application to Transfer Denied June 15, 1978.

Fred L. Slough, Wells, Eisberg, Slough & Connealy, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Carson W. Elliff, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Ronnie Barr was convicted of second degree murder, § 559.020, RSMo 1969, and sentenced to ten years confinement.

On this appeal Barr contends the court erred in excluding certain evidence. Affirmed.

Barr does not question the sufficiency of the evidence. There was sufficient evidence from which the jury could believe that Barr, Herman Barnett and Harvey Williams were inmates in the Jackson County Jail. In April, 1976, Harvey Williams testified he saw Barr, together with four other men enter Barnett's cell. Williams stated he watched through the bars while the five men beat Barnett. In addition, the men threw Barnett to the floor and kicked him, broke a food tray over his head, and one of the men produced a razor blade and severed one of Barnett's ears.

During the cross-examination of Williams, Barr's counsel did not inquire into Williams' homosexual activities. At the conclusion of the State's evidence, the prosecuting attorney moved for a protective order to prevent the defense from inquiring into the reputation which Williams bore in the jail for homosexual activities. Barr's counsel stated a basis of this evidence was to show a possible motive on the part of Williams to commit an assault upon Barnett in connection with homosexual activities. There was no evidence introduced to indicate Williams had in fact committed any assault upon Barnett, nor that Williams had had any homosexual contact with Barnett whatever.

The court granted the protective order and requested the defense not to question its witnesses with respect to Williams' character of his reputation as to homosexuality.

■ On this appeal Barr contends the court erred in failing to allow testimony concerning the reputation of Williams because such evidence, together with evidence Barnett was found with his pants down, would show Williams was involved in a sexual assault upon Barnett. Barr contends Barnett's death was the result of Williams' assault rather than one committed by Barr. The rule governing the admission of this evidence is stated in *State v. Woods*, 508 S.W.2d 297, 300[3] (Mo.App. 1974) as follows:

Evidence that another person had an opportunity or motive for committing the crime for which the defendant is on trial is not admissible absent proof that the other person committed some act directly connecting him with the crime. *State v. Umfrees*, 433 S.W.2d 284, 287[4] (Mo.banc 1968).

The court in *Woods* also quoted the rule from *Umfrees, supra* :

"The evidence, to be admissible, must be such proof as directly connects the other person with the corpus delicti, and tends clearly to point out someone besides accused as the guilty person. . . ."

Here there was no evidence to indicate Williams committed any act which would connect him with the assault committed upon Barnett which resulted in his death. For that reason the court correctly excluded evidence which would simply show the reputation which Williams bore.

■ Barr next contends the court erred in sustaining the prosecutor's objection to a question propounded to Williams. In this question Barr's counsel inquired of Williams if he had ever had a mental examination in connection with any of the cases against him. The court sustained this objection but indicated this ruling might be different if counsel were able to lay a proper foundation. In his brief Barr states the purpose of this question was not to challenge the competency of Williams but to elicit facts touching upon his credibility and ability to relate truthfully. No offer of proof was made after the court sustained the objection nor did Barr attempt to lay any foundation to show the relevance or materiality of the evidence sought.

In *State v. Davis*, 515 S.W.2d 773, 775[2] (Mo.App.1974) this court held it is not error to exclude evidence "unless the party seek-

ing its admission states the nature of the testimony he seeks to elicit and the purpose for which it is offered." Here no effort was made to explain how the evidence sought to be elicited concerning the fact that examinations had been made would be relevant or what information this would produce which would make such evidence admissible. Since the relevance of this inquiry was not readily apparent, it was not error to exclude it in the absence of an offer of proof.

Further, Barr's counsel now states the purpose was not to attack the competency of Williams but only to attack his credibility and ability to testify truthfully. No questions were propounded which would produce the result desired. No error is shown in sustaining the objection to this question.

The judgment is affirmed.

All concur.