STATE of Missouri, Respondent,

v.

Terry Lee GARRETT, Appellant.

Terry Lee GARRETT, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 57874, 60311.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 17, 1991.

Marcie W. Bower, Columbia, for appellant.

William L. Webster, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

A jury convicted defendant of selling marijuana, a controlled substance, in violation of § 195.020 RSMo 1986 (now repealed). Defendant sold the marijuana on August 12, 1988, in broad daylight to undercover police officer Steven Sederwall in a public parking lot at the intersection of Union and U.S. 79 in Hannibal, Missouri. The court sentenced defendant as a persistent offender to ten years imprisonment, to be served consecutively to defendant's two existing consecutive sentences. The direct appeal has been consolidated with an appeal from denial of Rule 29.15 relief.

On direct appeal, defendant alleges the court plainly erred in failing to declare a mistrial *sua sponte* when the prosecutor in closing argument repeatedly argued matters not in evidence which constituted prosecutorial misconduct to the prejudice of defendant. Defendant argues the "statements were calculated to improperly inject irrelevant considerations into the juror's decision making process and inflame the passions and prejudices of the jury." The following is a portion of the complained of argument.

PROSECUTOR: But as you deliberate about this case, don't make any mistake. This is not a victimless offense. People that sell illegal drugs in our communities are in the process of destroying our communities.

\* \* \* \* \* \*

About that same time Nancy Reagan, then President Reagan's wife, talked about the problem of illegal drugs and all the problems that surrounded it and noted that even people who like to call themselves casual users of drugs can become accomplices to all the crimes that surround it, including murder. That's what we're confronted with—That's what you are confronted with in this case. It is not a victimless offense.

In support of his claim defendant relies on *U.S. v. Solivan*, 937 F.2d 1146 (6th Cir.1991). In *Solivan* the prosecutor argued: *"I'm asking you to tell her and all of the other drug dealers like her*—(defense counsel's objection and Court's response omitted)—*[t]hat we don't want that stuff in Northern Kentucky and that anybody who brings that stuff in Northern Kentucky and...."* *Id.* at 1148. The court found the effect of the prosecutor's comments was to suggest to the jury the drug problem in Northern Kentucky would continue if they did not convict defendant. *Id.* at 1153. The court stated: "It is error for a prosecutor to direct the jurors' desires to end a social problem toward convicting a particular defendant." *Id.* The court held the prosecutor's appeal to the jury was highly prejudicial and required the cause to be remanded for a new trial. *Id.* at 1157.

■ *Solivan* does not control in this case for two reasons. First, defense counsel objected to the prosecutor's remarks in *Solivan* and preserved the error for appeal. Here, defense counsel did not object at trial or raise the issue in the motion for new trial. Thus, we review for plain error. Rule 30.20.

Second, the prosecutor did not urge the jurors to convict the defendant in order to preserve order or deter future lawbreaking by sending a message to all drug dealers as did the prosecutor in *Solivan*. Rather, the prosecutor was merely trying to dispel the myth that drug offenses are victimless crimes. The argument is not a misstatement of fact or law. Such argument was not likely to inflame the jury such that they might convict defendant for reasons "whol-ly irrelevant to his own guilt or innocence." *See Solivan*, 937 F.2d at 1153. Accordingly, we find no manifest injustice or miscarriage of justice resulted from the court's failure to interfere sua sponte with state's closing argument. Point denied.

■ In his final point, defendant alleges the court erred in denying his Rule 29.15 motion for post conviction relief after an evidentiary hearing. Defendant contends he received ineffective assistance of counsel because counsel failed to make an adequate investigation of Kirt Miller, an alibi witness. Defense counsel testified he withdrew consideration of an alibi defense after consulting with defendant because the state had a letter written by defendant to defendant's wife. In the letter, defendant incriminated himself by asking his wife "to fabricate an alibi or make up an alibi and to contact other people." Under these circumstances counsel was not ineffective for not pursuing a non-existent alibi defense. We have fully reviewed the record on appeal and we conclude the findings and conclusions of the motion court on this issue are not clearly erroneous. Rule 29.15(j). Point denied.

The judgment of conviction is affirmed.

SMITH, P.J., and AHRENS, J., concur.