STATE of Missouri, Respondent,

v.

Lydell JACKSON, Appellant.

Lydell JACKSON, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 17167, 17789.

Missouri Court of Appeals,
Southern District,
Division One.

July 28, 1992.

Brad B. Baker, Columbia, for appellant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Presiding Judge.

A jury found Appellant, Lydell Jackson, guilty of assault in the first degree, § 565.050 [1] (Count I), and armed criminal action, § 571.015 (Count II). The trial court sentenced Appellant as a prior offender to 15 years' imprisonment on Count I and 30 years' imprisonment on Count II, to run consecutively. Appellant brings appeal 17167 from that judgment.

While appeal 17167 was pending, Appellant commenced a proceeding per Rule 29.15 [2] to vacate the judgment. Following an evidentiary hearing, the motion court filed comprehensive findings of fact and conclusions of law, and entered an order denying relief. Appellant brings appeal 17789 from that order.

We consolidated the appeals, Rule 29.15(*l*), but address them separately in this opinion.

---

1. References to statutes are to RSMo 1986.

2. Rule references are to Missouri Rules of Criminal Procedure (1991).

Appeal 17167

Because the sufficiency of the evidence to support the verdicts is unchallenged, we summarize only the evidence pertinent to Appellant's sole claim of error in this appeal.

Viewed favorably to the verdicts, *State v. Evans*, 802 S.W.2d 507, 514[12] (Mo. banc 1991), and reduced to its essentials, the evidence established that about 1:30 a.m., April 26, 1990, Kathrine Neal and her three children were in her residence, 1109 Osage, in Sikeston. Kathrine's brother, Doug Neal, was there with them. Kathrine and Doug heard a horn outside. Kathrine looked through a window and saw Appellant in a truck. Doug opened the front door and saw Appellant in the truck, holding a rifle. Appellant fired a shot, striking the door. Doug shut it. Appellant fired additional shots, also hitting the door. The truck sped away.

During the rebuttal segment of his final argument, the prosecutor said:

> Ladies and gentlemen, it's something that goes on in New York City and Los Angeles, California, but this is something that happened in Scott County, Missouri. We have a drive-by shooting. Sounds strange to have happening in Scott County, Missouri. That's something that happens in Los Angeles, New York, Chicago, but lo and behold, it happened at 1109 Osage and there's bullets in the door to prove it.
>
> ... There needs to be a message, and it's got to go out from right here, because there's no other place, and it's when juries say "Yes, Lydell Jackson, you're guilty of shooting that gun at Doug Neal and you're guilty of using a gun, and we're going to convict you of that. We are not going to have it happen in Scott County." ... It's time to stop. This is not Los Angeles, California, this is not New York City, this is not Chicago....
>
> Ladies and gentlemen, we have got to provide protection. We have to stop the action. We have to prevent another shooting at a front door of 1109 Osage Street, and it has to stop here.

■ Appellant's point relied on avers the trial court committed plain error in failing to declare a mistrial, *sua sponte*, when the prosecutor made the above argument. Appellant acknowledges that because no objection was made to the argument at trial, review is limited to plain error. Rule 30.20.

An appellate court should rarely grant relief on assertions of plain error as to closing argument. *State v. Clemmons*, 753 S.W.2d 901, 907 (Mo. banc 1988), *cert. denied*, 488 U.S. 948, 109 S.Ct. 380, 102 L.Ed.2d 369 (1988). This is because, absent objection and request for relief, the trial court's options are narrowed to uninvited interference with summation and a corresponding increase in the risk of error by such intervention. *Id.*, 753 S.W.2d at 907–08. A holding that would require a trial judge to interrupt counsel during argument presents myriad problems. *State v. Kempker*, 824 S.W.2d 909, 911 (Mo. banc 1992).

Furthermore, plain error relief is granted only when the error so substantially affects the rights of the accused that a manifest injustice or miscarriage of justice inexorably results if left uncorrected. *State v. Hadley*, 815 S.W.2d 422, 423[1] (Mo. banc 1991). No such circumstances exist here.

■ A prosecutor is permitted to argue such propositions as the prevalence of crime in the community, the personal safety of its inhabitants, and the jury's duty to uphold the law as well as inferences from its failure to convict. *State v. Newlon*, 627 S.W.2d 606, 618–19[21] (Mo. banc 1982), *cert. denied*, 459 U.S. 884, 103 S.Ct. 185, 74 L.Ed.2d 149, *reh'g denied*, 459 U.S. 1024, 103 S.Ct. 391, 74 L.Ed.2d 520 (1982); *State v. Olds*, 603 S.W.2d 501, 511[14] (Mo. banc 1980). That was the theme of the prosecutor's argument here. If he overstepped the boundary, an issue we need not decide, the transgression was minimal. There was no manifest injustice or miscarriage of justice.

Appellant relies on *United States v. Solivan*, 937 F.2d 1146, 1148–50 (6th Cir.1991). However, that case is inapposite in that the claim of error there was preserved by timely objection at trial. Furthermore, *Solivan*

is not binding on us. *Futrell v. State*, 667 S.W.2d 404, 407[3] (Mo. banc 1984). We are constitutionally bound to follow the last controlling decision of the Supreme Court of Missouri. Mo.Const. art. V, § 2 (1945); *State v. Wilson*, 795 S.W.2d 590, 591[1] (Mo.App.1990). The decisions of the Supreme Court of Missouri cited above demonstrate no plain error relief is warranted.

Appellant's point relied on is denied, and the judgment is affirmed.

### Appeal 17789

This appeal likewise presents one claim of error. Appellant maintains the motion court should have granted post-conviction relief in that he received ineffective assistance of counsel in the trial court. Appellant complains his lawyer ("defense counsel") was derelict in failing to secure the presence of, and present testimony from, Shawn Townsend.

At Appellant's jury trial, the evidence showed he and Tony Neal (brother of Kathrine and Doug Neal) had a dispute and fought each other at a pool hall approximately a half-hour before the shooting.

At the evidentiary hearing in the motion court, Appellant—who had remained silent at trial—testified Townsend saw the incident at the pool hall. Appellant recounted he "was into it with about four or five guys and ... they had bats and sticks." According to Appellant, Townsend could have testified Doug Neal struck Appellant in the head with a baseball bat. Such testimony, insisted Appellant, would have refuted Doug Neal's trial testimony that he (Doug) did not strike Appellant in the head with a bat.

Appellant avowed that prior to trial, he told defense counsel about Townsend, but counsel said he did not think Townsend was a potential witness because he was incarcerated and the jury would not believe him.

Townsend, a resident of the Scott County jail at the time of the motion court hearing, was presented as a witness by Appellant at that hearing. Townsend testified he saw the pool hall incident. Townsend narrated, "[T]here was four dudes that was jumping on Lydell Jackson and hit him in the head with a tennis racquet and one of them hit him, I think, in the back with a pool stick, and Lydell got up and ran." Townsend recalled one of the assailants was Doug Neal. Asked what time the fracas occurred, Townsend replied, "From about 9:30 at the earliest and about 11:00 at the latest." Townsend did not see Appellant later that night.

Defense counsel, testifying in the motion court, stated, "I cannot find in my record that I wrote down the name Shawn Townsend, but I can't say that Lydell did not say Shawn Townsend."

The motion court found:

At the evidentiary hearing Movant said that he told his attorney about ... Townsend, but that his attorney replied ... Townsend was incarcerated and the jury would not believe him as a witness.... At the evidentiary hearing ... Townsend testified that he saw Movant the same evening the crime occurred at about 9:30 p.m. at the earliest or 11:00 p.m. at the latest. He testified ... one of the participants in a fight was Doug Neal.

... The evidence was that the shooting with which Movant was charged occurred between 1:00 and 1:30 a.m.... If the last time ... Townsend could have seen Movant would have been 11:00 p.m. (and it may have been as early as 9:30 p.m.) and the shooting occurred at 1:00 or 1:30 a.m., this time sequence certainly does not prove that Movant could not have committed the shooting at 1:30 a.m.... The fact that ... Townsend was not called by Movant's attorney, especially in view of the fact that Movant testified that his attorney felt that ... Townsend would not be a good witness, does not show that Movant's attorney was ineffective. This point is denied.

Appellant's belief that defense counsel should have presented Townsend as a witness at the jury trial evidently arose after Appellant was sentenced. At time of sentencing, the trial court examined Appellant per Rule 29.07(b)(4):

The Court: Did you have time to sit down and talk to your attorney about the

trial? Did you talk about your rights, the way the trial would work and the defenses you could raise?

The Defendant: Yes, I did.

The Court: Is there anything you asked him to do that he has not done?

The Defendant: I really can't say that I did.

The Court: So there was really nothing that you asked him to do that he has not done? Has he done everything that you asked him to do?

The Defendant: Yes, he tried.

The Court: So he has tried his best, in your opinion, to do what you told him to do?

The Defendant: Yes, sir.

In his brief, Appellant argues Townsend's testimony would have established Doug Neal struck him at the pool hall, "thereby showing that Neal had a motive for testifying falsely at trial in identifying appellant as his assailant."

■ Our review of the motion court's denial of post-conviction relief is limited to a determination of whether the findings and conclusions of that court are clearly erroneous. Rule 29.15(j); *State v. Vinson*, 800 S.W.2d 444, 448 (Mo. banc 1990). Such findings and conclusions are clearly erroneous only if a review of the entire record leaves us with a definite and firm impression that a mistake has been made. *Id.*

■ To prevail on a claim of ineffective assistance of counsel, a prisoner must show (1) his lawyer failed to exercise the customary skill and diligence that a reasonably competent lawyer would have exercised under similar circumstances, and (2) the prisoner was thereby prejudiced. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). Not only must a prisoner prove his allegations by preponderance of the evidence, but a heavier burden arises from a strong presumption that counsel performed in a reasonable manner. *State v. Twenter*, 818 S.W.2d 628, 635[9] (Mo. banc 1991).

■ The only way Townsend's testimony (if believed by the jury) could have aided Appellant would have been to show Doug Neal was involved in the pool hall incident, arguably supplying a motive by him to falsely identify Appellant as the shooter. However, such testimony could have backfired against Appellant in that it could have supported an inference that he harbored malice against Neal for the pool hall brawl and sought revenge by shooting him.

In final argument, defense counsel attempted to persuade the jury that Kathrine Neal was mistaken in her identification of Appellant as the shooter, and that Doug Neal was not credible because he never went to the police about the shooting and was finally found and questioned by police only three days before trial.[3]

Townsend's testimony could have undermined this strategy by demonstrating Appellant had a reason to shoot Doug Neal, thereby strengthening Neal's in-court identification of Appellant as the shooter. Furthermore, as observed by the motion court, Townsend's testimony would have supplied no alibi for Appellant. These factors, coupled with the absence of complaint by Appellant at time of sentencing about defense counsel's failure to produce Townsend as a witness, amply demonstrate the motion court's finding that defense counsel did not render ineffective assistance is not clearly erroneous.

The order of the motion court denying relief is affirmed.

PARRISH, C.J., and SHRUM, J., concur.

---

**3.** Doug Neal testified he reported the shooting to the police by phone a few minutes after it oc- curred, but used a false name because he "didn't want to get involved."