STATE of Missouri, Respondent,

v.

Felicia SMITH, Defendant/Appellant.

No. 62100.

Missouri Court of Appeals,
Eastern District,
Division One.

March 16, 1993.

Gary E. Brotherton, Columbia, for defendant/appellant.

William L. Webster, Atty. Gen., Michael J. Runzi, Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Presiding Judge.

In this jury-tried case, defendant, Felicia Smith, appeals from convictions of felony possession of a controlled substance (cocaine) in violation of § 195.202 RSMo (Supp.1991), misdemeanor possession of a controlled substance (marijuana) in violation of § 195.202 RSMo (Supp.1991), and misdemeanor possession of drug paraphernalia in violation of § 195.233 RSMo (Supp. 1991). Defendant was sentenced to concurrent terms of three years' imprisonment for the felony conviction and six months' imprisonment for each of the misdemeanor convictions. We affirm.

The evidence adduced at trial established the following facts. On December 25, 1991, Officer Jimmy Smith of the Cape Girardeau Police Department observed a vehicle carrying a passenger he recognized as Marie Murphy, a woman wanted on a felony warrant. Smith followed the vehicle, confirmed that Murphy was wanted, and called for a backup officer.

The vehicle pulled to the curb and stopped in the 500 block of South Hanover; the driver, defendant, exited and walked toward a residence. Smith stopped defendant and asked to see her driver's license. Defendant returned to the vehicle and retrieved her purse from the back seat; she then walked toward the rear of the vehicle, placed her purse on the trunk, and produced her driver's license from inside the purse. Smith radioed police headquarters, confirmed that defendant was wanted on an outstanding misdemeanor warrant, and placed her under arrest. A backup officer arrived at the scene and arrested Murphy.

During an inventory search of defendant's purse, Smith found a compact case with a white residue on its inside mirror and a lipstick tube containing a green leafy substance wrapped in cellophane. The leafy substance was tested and found to contain the hallucinogenic portion of marijuana. The sample weighed .61 grams. The white residue on the mirror was also tested and found to contain cocaine. The residue

was not weighed because the weighing of such a small amount would require the use of a special balance. However, there remained a sufficient quantity for retesting.

At trial, defendant admitted she owned the purse and its contents but denied ownership of the compact case or lipstick tube. Defendant testified that when Smith asked for her driver's license, she retrieved her purse from the front seat of the car and emptied its contents onto the seat, which was already littered with miscellaneous items. Defendant also testified that Murphy was in the car with defendant's purse while defendant spoke with Smith. Lastly, defendant testified that after she was handcuffed, Smith emptied defendant's purse and retrieved the car keys from inside it.

■ In point one, defendant contends the trial court erred in denying her motion to dismiss and motion for judgment of acquittal with respect to the cocaine possession charge. Defendant argues the state presented insufficient evidence that defendant knowingly and consciously possessed cocaine at the time of her arrest, "since the residue found on the mirror merely established that someone possessed cocaine sometime."

■ Our review of defendant's challenge is limited to a determination of whether the evidence is sufficient to build a submissible case and whether there is sufficient evidence from which reasonable persons could find defendant guilty. *State v. Smith*, 808 S.W.2d 24 (Mo.App.1991).

■ To sustain defendant's conviction for possession of cocaine, the state must prove defendant knowingly and intentionally possessed the controlled substance and knew the nature of that substance. *Id.* at 25.[1] Although possession may be actual or constructive, it must be intentional. *Id.* Further, both possession and knowledge

may be shown by circumstantial evidence. *Id.*

Defendant contends there was insufficient evidence to demonstrate her knowing and intentional possession of the cocaine, given the small amount found on the mirror. In making this argument, defendant relies on *State v. Young*, 427 S.W.2d 510 (Mo.1968) and *State v. Polk*, 529 S.W.2d 490 (Mo.App.1975).

In *Young*, our supreme court recognized authority holding that the quantity of a controlled substance might be so small as to indicate there had been merely a prior, and not present, possession of the substance. *Young*, 427 S.W.2d at 512 (*citing State v. Dodd*, 28 Wis.2d 643, 137 N.W.2d 465, 469 (1965)). However, the *Young* court also noted that under the Uniform Narcotic Drug Act, possession of even a "modicum" of an illegal drug was held sufficient to bring a defendant within the purview of the statute. *Id.* The question in *Young* was not whether there was a measurable quantity of heroin, but whether there was such a quantity that the defendant could experience an effect from it. *Id.* 427 S.W.2d at 513. *Young* is distinguishable on this ground.

In *Polk*, this court held there is insufficient evidence to demonstrate a defendant's knowing, intentional, and conscious possession of a controlled substance where the only evidence to support the conviction is an amount "which is so minuscule as to constitute a mere 'trace' and which is immeasurable and consumed in the performance of the basic test necessary for identification of the substance." *Polk*, 529 S.W.2d at 494. However, the court limited its holding to the peculiar facts and circumstances of the case, *id.*, and noted there was no direct evidence that the defendant had actual possession of the heroin since it was not found "on or about his person or in his immediate vicinity." *Id.* at 492.[2]

---

1. Defendant does not contend she did not know the nature of the cocaine in her possession. However, we note that direct evidence of a defendant's actual possession of cocaine is sufficient to infer he or she had knowledge of the presence and character of the drug. *State v. Spraggins*, 839 S.W.2d 599, 604 (Mo.App.1992)

(*citing State v. Bell*, 719 S.W.2d 763, 765 (Mo. banc 1986)).

2. For purposes of the drug regulations in chapter 195, a person has "actual possession" if he or she "has the substance on his [or her] person or within easy reach and convenient control." § 195.010(33) RSMo (Supp.1991).

Here, we find sufficient evidence to establish defendant's knowing and intentional possession of cocaine. The cocaine residue was found on the mirror of a compact case inside defendant's purse, which contained numerous other personal items belonging to defendant. The residue was visible when the case was opened. Defendant retrieved her driver's license from the purse at the time of her arrest and thereby exercised direct physical control over the purse. The presence of the cocaine in close proximity to defendant and next to her personal belongings was sufficient to establish defendant was in actual possession and had control of the drug. *See State v. Trice*, 575 S.W.2d 739, 741 (Mo.App.1978), *cert. denied*, 442 U.S. 945, 99 S.Ct. 2891, 61 L.Ed.2d 316 (1979).

As a case of constructive possession, therefore, *Polk* is clearly distinguishable. *State v. Miller*, 588 S.W.2d 237, 241 (Mo. App.1979). Moreover, *Polk* involved an immeasurable amount of a controlled substance which was entirely consumed by the identification testing. *Polk*, 529 S.W.2d at 492. Here, the cocaine residue was of a sufficient quantity to be weighed by a special balance, and there remained a sufficient quantity available for retesting. These facts further distinguish *Polk*. *See State v. Padgett*, 557 S.W.2d 731, 733 (Mo. App.1977).

Lastly, the cocaine in defendant's possession was found on the mirror of a compact case which also contained a lipstick tube of wrapped marijuana. These additional facts support the conclusion that defendant possessed the cocaine with the requisite knowledge and intent. *See State v. Spraggins*, 839 S.W.2d 599, 604 (Mo.App.1992). Defendant's mistaken belief that she had used all the cocaine on the mirror does not deprive her of the requisite knowledge for possession. *Smith*, 808 S.W.2d at 26. Point one is denied.

■ In her second point, defendant contends the trial court plainly erred in failing to declare a mistrial, *sua sponte*, in response to certain comments made by the prosecutor during closing argument. Appellant acknowledges that review is limited to plain error, since no objection to the argument was made at trial. Rule 30.20.

The prosecutor argued:

Now, you will get the opportunity to sentence this defendant. One of the interesting things is, that here we are in a city that things are relatively calm; that we really don't have a huge overpowering drug problem here; and that just simple use probably is a victimless crime anyway. I want you to remember something, that it's a victim—not a victimless crime in any respect because each one of us are [sic] victims in this case. Each one of us run [sic] the risk of—both financially and otherwise, as a result of this kind of activity. The war on drugs is right here. As the old adage goes, we haven't gotten the sand—the line in the sand is right here. You're on the front of it. It's up to you to send a message to these people that we're not going to tolerate this—not even a little bit. We're not going to allow our city and our county to become a haven for people that use this material or in any respect involve themselves in this kind of activity. That's what I'm asking you to send a message to. And I think that under the circumstances, a harsh penalty will send that. And I'm asking you to do that. I'm asking you to be harsh about this because this isn't a simple everyday casual affair. Cumulatively it is disastrous, and I'm asking you to send a very strong message to the people that want to use this kind of material that if they're caught in Cape Girardeau County, they certainly will be looking at jail time; they certainly will be looking at a harsh penalty, and that the people of Cape Girardeau will not tolerate this in any respect.

Defendant contends the argument was improper and inflammatory, in that it suggested defendant be convicted for reasons wholly irrelevant to her own guilt or innocence.

■ A court should rarely grant relief on assertions of plain error with respect to closing argument, since "in the absence of objection and request for relief, the trial

court's options are narrowed to uninvited interference with summation and a corresponding increase of error by such intervention." *State v. Clemmons,* 753 S.W.2d 901, 907–08 (Mo. banc 1988), *cert. denied,* 488 U.S. 948, 109 S.Ct. 380, 102 L.Ed.2d 369 (1988). Plain error relief is warranted only when the error so substantially affects the rights of the accused that a manifest injustice or miscarriage of justice will result if the error is left uncorrected. *State v. Jackson,* 833 S.W.2d 888, 890 (Mo.App. 1992).

 A prosecutor may properly argue the prevalence of crime in the community, the personal safety of its inhabitants, the jury's duty to uphold the law, and inferences from its failure to convict. *Id.* (*citing State v. Newlon,* 627 S.W.2d 606, 618–19 (Mo. banc 1982), *cert. denied,* 459 U.S. 884, 103 S.Ct. 185, 74 L.Ed.2d 149 *reh'g denied,* 459 U.S. 1024, 103 S.Ct. 391, 74 L.Ed.2d 520 (1982)). Further, a prosecutor's argument is proper "so long as the thrust of it is that a stiff sentence would deter the defendant as well as others from committing similar crimes." *City of Cape Girardeau v. Jones,* 725 S.W.2d 904, 908 (Mo.App.1987). In this case, the prosecutor's "send a message" and "war on drugs" remarks did not result in manifest injustice or a miscarriage of justice. *See Jackson,* 833 S.W.2d at 890; *State v. Garrett,* 820 S.W.2d 104, 105 (Mo.App.1991).

Defendant relies on *U.S. v. Solivan,* 937 F.2d 1146 (6th Cir.1991), wherein the court held the prosecutor's "war on drugs" remarks impermissibly diverted the jurors' attention from their task of considering the evidence and suggested that because of defendant's participation in the local drug trade, the drug problem facing their community would continue if they failed to convict defendant. *Id.* at 1153. However, unlike here, defense counsel in *Solivan* preserved the alleged error for appeal. *Id.* at 1148. Further, the argument in this case did not urge the jury to convict defendant to preserve order or deter future lawbreaking. *See Garrett,* 820 S.W.2d at 105. The argument was in the context of sentencing and merely attempted to dispel the myth that drug offenses are victimless crimes. *See id.* Point two is denied.

In her third and final point, defendant contends the trial court erred in submitting instruction number 4 defining "reasonable doubt" in accordance with MAI–Cr 3d 302.-04. Defendant contends the instruction's definition of "reasonable doubt" violated her right to due process, in that it suggests a higher degree of doubt than is constitutionally required for acquittal and permits the jury to find defendant guilty based upon a degree of proof below that required by due process.

Our supreme court has consistently rejected the argument that the definition of reasonable doubt set forth in instruction 4 impermissibly lowers the standard of proof imposed upon the state, *State v. Waller,* 816 S.W.2d 212, 218 (Mo. banc 1991), and has found the charge given in instruction 4 instructs the jury it must find defendant guilty beyond a reasonable doubt. *State v. Griffin,* 848 S.W.2d 464, 469 (Mo. banc 1993). Defendant raises this argument only "for purposes of preservation, in the event that a federal court renders a decision contrary to *Griffin.*" Point denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ. concur.