STATE of Missouri, Respondent,

v.

Tomi M. JEFFRIES, Appellant.

Tomi M. JEFFRIES, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 60449, 62343.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 3, 1993.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

Emily N. Blood, St. Louis, for appellant.

SIMON, Judge.

Tomi Jeffries, appellant, appeals her jury conviction for possession with the intent to distribute a controlled substance, pursuant to § 195.211 R.S.Mo.Supp.1989. Appellant was sentenced to five years in the custody of the Department of Corrections. Appellant also appeals the denial of her Rule 29.15 motion after an evidentiary hearing.

On appeal, appellant claims the trial court erred in (1) denying her motion for acquittal and (2) submitting MAI–CR3d 302.04, defining "reasonable doubt." Appellant also claims the motion court erred in denying her Rule 29.15 motion because (1) she was denied due process and a fair trial when the prosecutor made prejudicial remarks concerning "the war on drugs" during closing argument, and (2) she was denied effective assistance of counsel in that her counsel failed to object to the "war on drugs" argument and failed to proffer an instruction for the lesser included offense of possession of a controlled substance. We affirm.

■ In her first point, appellant contends that the evidence was not sufficient to support her conviction. Therefore, we review the evidence in the light most favorable to the verdict. *State v. Spiller*, 778 S.W.2d 825, 826[1] (Mo.App.1989). The following evidence was adduced at trial.

Appellant owned a two-story home, where she resided with her minor son and Jeffrey Richardson, her boyfriend. On October 19, 1990, at approximately 7:00 p.m., law enforcement officers arrived at appellant's house to execute a search warrant for drugs and related items. Appellant, Richardson, her minor son and his friend, were all present. During the search, a *High Times* magazine and a pair of scissors were discovered on a bedside table in the bedroom shared by appellant and Richardson. Under the magazine was a plastic bag containing twenty-four pieces of paper which were folded in a way utilized by drug dealers to sell drugs. The pieces of paper were found to have been cut out of the pages of the *High Times* magazine. The pieces of paper contained a total of 11.0 grams of a white powder, later identified as cocaine. A fingerprint from appellant's left index finger was found on the

magazine. Also on the bedside table, officers found the remains of a marijuana cigarette, a set of weighing scales, and a bottle of Inositol powder. The powder is used to "cut" the cocaine and enhance profits from its sale. Appellant admitted to having knowledge of the presence and purpose of the Inositol powder. Furthermore, appellant admitted that Richardson was contributing to the monthly household income and that she repeatedly used cocaine, supplied by Richardson, in their bedroom.

The officers also seized numerous other drug-related items discovered in the room, including a mural depicting a marijuana leaf and the word "Columbian." On the headboard of the bed the officers found a mirror, a razor blade, and an ink pen casing which could be used as a straw to ingest cocaine. Another razor blade was found on the opposite bed-side table, and other mirrors and razor blades were discovered throughout the house. Finally, the police officers found cigarette rolling papers in appellant's purse.

At trial, appellant testified that all of the drug related items seized were owned by Richardson. Richardson conducted sales of cocaine from their bedroom and pled guilty to possession with the intent to distribute cocaine.

The trial court submitted instructions on the offense of possession of a controlled substance with the intent to distribute, pursuant to § 195.211 R.S.Mo.Supp.1989 and modeled after MAI–CR3d 325.08. Pursuant to § 562.041 R.S.Mo.1986, the jury instruction contained the submission of appellant's responsibility not only for her own conduct but for the conduct of Richardson as well. Instruction # 6 provides in pertinent part:

A person is responsible for his own conduct and he is also responsible for the conduct of another person in committing an offense if he acts with him with the common purpose of committing that offense, or if, for the purpose of committing that offense, he aids or encourages the other person in committing it.

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about the 19th day of October, 1990, in the County of Audrain, State of Missouri, the defendant or Jeffrey Richardson possessed cocaine, a controlled substance, and

Second, the defendant or Jeffrey Richardson was aware of its presence and illegal nature, and

Third, that defendant or Jeffrey Richardson intended to distribute the cocaine to other persons, then you are instructed that the offense of possession of cocaine with intent to distribute has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:

Fourth, that with the purpose of promoting or furthering the commission of that offense of possession of cocaine with the intent to distribute the defendant acted together with or aided Jeffrey Richardson in committing that offense,

then will find the defendant guilty of possession of cocaine with intent to distribute.

In her first point, appellant contends that the trial court erred in denying her motion for judgment of acquittal at the close of all the evidence because the state failed to present sufficient evidence to convince a rational trier of fact that appellant, with the purpose of promoting or furthering the commission of the crime of possession of cocaine with the intent to distribute, acted together with or aided Jeffrey Richardson in committing that offense.

 When reviewing the sufficiency of the evidence:

the Court accepts as true all of the evidence favorable to the State, including all favorable inferences drawn from the evidence and disregards all evidence and inferences to the contrary. In reviewing the sufficiency of the evidence, appellate review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt.

*State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993). In reviewing the sufficiency of the evidence, the Court reviews all the evi-

dence, both direct and circumstantial. *State v. Mallet,* 732 S.W.2d 527, 530 (Mo. banc 1989), *cert. denied,* 484 U.S. 933, 108 S.Ct. 309, 98 L.Ed.2d 267 (1987). Questions of the credibility of witnesses are questions for the jury and it is within the jury's province to believe all, some or none of any witnesses' testimony in arriving at its verdict. *State v. White,* 847 S.W.2d 929, 933[12] (Mo.App.1993).

■ Under § 562.041.1(2) R.S.Mo.1986, a person is criminally responsible for the conduct of another when either before or during the commission of an offense, with the purpose of promoting the commission of an offense, he aids or agrees to aid or attempts to aid such other person in planning, committing or attempting to commit the offense. *State v. LaRue,* 811 S.W.2d 40, 43 (Mo.App.1991). It is not required that a defendant personally perform each of the acts constituting the elements of the crime. *State v. Mills,* 809 S.W.2d 1, 3[1, 2] (Mo.App.1990). Any evidence fairly showing affirmative participation by a defendant in aiding another to commit a crime is sufficient to support a conviction. *Id.*

■ Absent proof of actual possession, constructive possession may be shown when other facts buttress an inference of defendant's knowledge of the presence of a controlled substance. *State v. Purlee,* 839 S.W.2d 584, 588[4–8] (Mo. banc 1992). Constructive possession requires evidence that appellant had access to and control over the premises where the substance was found. *Id.* However, joint control of the premises requires some further evidence or admission connecting the accused with the illegal drugs. *Id.* The presence of a large quantity of drugs coupled with ready access to the drugs tends to show conscious possession. *Id.*

Here, appellant owned the home where the crime took place. She and Richardson shared the bed in the bedroom where the cocaine and paraphernalia used in the distribution of the cocaine were found and where drug sales took place. Both were present at the crime scene when the police served the warrant. Appellant and Richardson were unemployed but Richardson contributed to the monthly household income. Richardson also supplied appellant with cocaine for her personal use. Appellant's fingerprint was found on the magazine whose pages were used to package the cocaine in question, and she admitted to having knowledge of the presence and purpose of the Inositol powder. The evidence clearly established that appellant constructively possessed the cocaine and was aware of its illegal nature.

Thus, the record shows that there was sufficient evidence from which reasonable jurors could have found that appellant, with the purpose of promoting or furthering the commission of the crime of possession of cocaine with the intent to distribute, acted together with or aided Jeffrey Richardson in committing that offense. Point denied.

■ In her second point, appellant confuses procedure regarding appeals of postconviction relief motions and trial court error. Appellant alleges that the motion court clearly erred when it denied her Rule 29.15 motion when the trial court allowed prosecutor's alleged improper remarks in closing argument and her counsel's failure to object to prosecutor's alleged improper comments to the jury during closing argument. Essentially, appellant contends that the prosecutor's remarks in closing argument were improper.

■ Our review of a denial of a Rule 29.15 motion is limited to a determination of whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 29.15(j); *Jones v. State,* 771 S.W.2d 349, 351 (Mo.App.1989). After a review of the entire record, a judgment will be considered clearly erroneous if we are left with a definite and firm impression that a mistake has been made. *Abrams v. State,* 698 S.W.2d 15, 17[1] (Mo.App.1985).

The alleged improper remarks are as follows:

These days you can hardly pick up a newspaper or turn on the television without hearing about or reading about the growing drug problem in this country.

We have formed drug task forces to deal with the problem. Our president instituted a war on drugs, and we spend lots and lots of money trying to deal with this problem. You have probably said to yourself, somebody ought to do something about that. Well, ladies and gentlemen, I am here to tell you that you, the Jury, are the front line in the war on drugs. You can, by your verdict of guilty and by the sentence you impose in this case, send a message to those that would bring this poison into Audrain County that if you do so you are going to be dealt with and you are going to be dealt with very severely.

■■■■■ A prosecutor may properly argue the prevalence of crime in the community, the personal safety of its inhabitants, the jury's duty to uphold the law, and inferences from its failure to convict. *State v. Smith,* 849 S.W.2d 677, 681[9, 10] (Mo.App.1993). Further, a prosecutor's argument is proper so long as the thrust of it is that a stiff sentence would deter the defendant as well as others from committing similar crimes. *Id.* Here, the record shows that the line of the prosecutor's argument was directed to seeking a "stiff sentence" for appellant and to showing that sentence would have a deterrent effect. The motion court did not clearly err in overruling appellant's claims on the basis of the closing argument.

■■■■ Appellant further contends that the motion court erred in failing to find that counsel's failure to offer an instruction on the lesser included offense of simple possession constituted ineffective assistance. We note that appellant has failed to set out, in the argument portion of her brief, the instruction she claims should have been given.

At the hearing on appellant's motion, trial counsel testified as follows:

Ms. Jeffries' position was that she was not involved in this, she didn't do this. I felt it was incompatible with the defense. I discussed it briefly with her and she agreed with me. Further, I thought the risk of not submitting it was an acceptable risk because I did not feel the jury, if it did find her guilty, would consider her the primary person involved under the evidence concerning the co-defendant.

Thus, the record reflects that appellant and trial counsel discussed the advisability of submitting an instruction on the lesser included offense of simple possession, and that counsel made a strategic decision to not submit such an instruction. As such, this decision cannot serve as a basis for ineffective assistance of counsel. The motion court did not err in denying appellant's Rule 29.15 motion. Point denied.

Appellant's third point is that the trial court erred in submitting Instruction No. 4, patterned after MAI–CR3d 302.04. She argues the instruction incorrectly defines "proof beyond a reasonable doubt" as proof which leaves the jury "firmly convinced" of appellant's guilt. Our Supreme Court has held that the term "firmly convinced" is "intended to assist lay jurors in their understanding of the legal phrase 'beyond a reasonable doubt'." *State v. Antwine,* 743 S.W.2d 51, 62–63[12] (Mo. banc 1987), *cert. denied,* 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988). This holding has not changed. *State v. Griffin,* 848 S.W.2d 464, 469 (Mo. banc 1993). Point denied.

Judgments affirmed.

CARL R. GAERTNER, P.J., and CRAHAN, J., concur.