STATE of Missouri, Respondent,

v.

Sterling ESTES, Appellant.

Sterling ESTES, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 18744, 19876.

Missouri Court of Appeals,
Southern District,
Division One.

June 26, 1995.

---

John M. Schilmoeller, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David G. Brown, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Judge.

A jury found Appellant, Sterling Estes, guilty of first degree arson, § 569.040, RSMo Supp.1987. The trial court sentenced Appellant as a prior offender to 15 years' imprisonment. Appellant brings appeal 18744 from that judgment.

Appellant commenced an action per Rule 29.15 [1] to vacate the conviction and sentence. The motion court, without an evidentiary hearing, entered an order denying relief. Appellant brings appeal 19876 from that order.

We consolidate the appeals, Rule 29.15(*l*), but address them separately in this opinion.

### Appeal 18744

■ Appellant asserts that the State presented insufficient evidence to support the jury's finding of guilt beyond a reasonable doubt that he committed first degree arson. On review, the Court accepts as true all of the evidence favorable to the State, including all favorable inferences drawn from the evidence and disregards all evidence and inferences to the contrary. *State v. Grim*, 854 S.W.2d 403, 405 (Mo.banc 1993), *cert. denied*, — U.S. —, 114 S.Ct. 562, 126 L.Ed.2d 462 (1993). Review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found Appellant guilty beyond a reasonable doubt. *Id.*

On the night of October 4, 1992, Appellant offered to pay Bobby Bowles $25 and an undetermined additional sum to "burn down Patti Hurtt's house." Appellant explained to Bowles that his ex-wife worked for Patti Hurtt in her ceramics shop. The Hurtt house was connected to a ceramics shop owned and operated by Mr. and Mrs. Hurtt. Appellant knew that the Hurtts had no insurance on the building. Appellant wanted Bowles to burn down the Hurtt residence so that his ex-wife would be out of a job. Also, the Hurtts had allowed Appellant to use the ceramics shop as a sleeping room. Prior to the fire, Patti Hurtt asked Appellant to leave the premises and find another place to live.

Appellant drew a diagram for Bowles, showing him how to douse the house with gasoline. After reviewing the diagram with Bowles several times, Appellant burned the diagram. Appellant gave Bowles a lighter and a jug of gasoline for Bowles to use to burn the Hurtt house. In the early morning of October 5, 1992, Bowles went to the Hurtt residence and doused it with gasoline. He set the house afire using Appellant's lighter and fled to Appellant's house. The Hurtts escaped their home without injury after a neighbor alerted them that their house was on fire.

■ A person is criminally responsible for the conduct of another when, either before or during the commission of an offense, with the purpose of promoting the commission of an offense, he or she aids, agrees to aid, or attempts to aid such other person in planning, committing, or attempting to commit the offense. § 562.041.1(2), RSMo 1986; *State v. Jeffries*, 858 S.W.2d 821, 824 (Mo. App.1993). A defendant need not personally perform the acts constituting the elements of the offense. *Id.* Any evidence fairly showing affirmative participation in aiding the offense is sufficient. *Id.*

A person commits the crime of arson in the first degree when he or she "knowingly damages a building or inhabitable structure, and when any person is then present or in near proximity thereto, by starting a fire or causing an explosion and thereby recklessly places such person in danger of death or serious physical injury." § 569.040.1, RSMo Supp.1987.

■ The evidence was adequate to support Appellant's conviction for first degree arson. Patti Hurtt testified that she and her husband lived at 705 West 13th Street. Her ceramics shop at 709 West 13th was joined by a breezeway to her residence. She testified that in the early morning of October 5, 1992, she and her husband were awakened by a neighbor beating on a window screaming, "Your building is on fire." She and her husband left the building and noticed flames up the side of the building and on the roof. She testified that she and her husband allowed Appellant to sleep in the back of the ceramics shop temporarily for a couple of months until she asked him to leave and find

1. Rules references are to Missouri Rules of Court (1995).

another place to live. She testified that Appellant's ex-wife worked for her.

Bobby Bowles testified that on the evening of October 4, 1992, Appellant asked him to burn down the Hurtt house for $25 plus more money after he cashed in his food stamps. He testified that Appellant told him that Patti Hurtt did not have any insurance on the building and the fire would put his ex-wife out of a job. Appellant instructed Bowles to burn the house down. Appellant gave Bowles a lighter and drew a map depicting the building with arrows showing Bowles where to put the gasoline. Appellant had some gasoline in the back of his pickup truck and told Bowles to get the gas out of the truck and to use it to burn down the house. Bowles testified that he followed Appellant's instructions. He doused Hurtts' roof with gasoline, put gasoline on the side of the house, lit the fire using Appellant's lighter, threw the lighter down by a trash can, saw the house burning and fled straight back to Appellant's house.

Loretta Wilson, Bobby Bowles' fiance, testified that she was present at Appellant's house on October 4, 1992, and overheard Appellant talking to Bowles about burning down Hurtts' house. She further testified that she saw Appellant drawing something.

Charles White also testified that he was present at Appellant's house on October 4, 1992, and overheard Appellant talk to Bowles about paying him to set "this place on fire."

Jon Hubbard, an investigator for the Joplin Police Department, testified that while investigating a fire which occurred at 709 West 13th in Joplin he developed Bobby Bowles as a suspect. He testified that he discovered Appellant's cigarette lighter at the scene. He further testified that the evidence at the scene of the fire was consistent with Bowles' account of what happened.

This evidence is sufficient to allow a reasonable juror to find Appellant guilty beyond a reasonable doubt. Point denied.

## Appeal 19876

Appellant asserts the motion court erred in denying postconviction relief without evidentiary hearing in that Appellant received ineffective assistance of counsel at trial. The point maintains that Appellant's attorney was remiss in failing to offer into evidence an audiotape of Appellant's preliminary hearing which contained prior inconsistent testimony of Bobby Bowles, thereby denying Appellant the opportunity to properly impeach him. The motion court denied this claim, finding that:

> [Appellant] claims that prior testimony given at a preliminary hearing of witness Bobby Bowles was not admitted, which [Appellant] claims was inconsistent with witnesses testimony at [Appellant's] trial. The facts are that the trial attorney for [Appellant] attempted to introduce an unofficial transcript of an unofficial tape recording of [Appellant's] preliminary hearing purported to be recorded by the [Appellant's] trial attorney. The tape was not offered for admission. No testimony was offered as to the purported transcript as being a true and accurate transcription of the tape, nor was any evidence presented as to the tape's creation or custody after creation. At the trial, the State objected to the introduction of the unofficial transcript as not being the best evidence or to its accuracy. This objection was sustained. However, [Appellant's] attorney did then cross-examine this witness at length and in detain [sic] about his prior inconsistent statements and testimony which the witness admitted.

■ A motion court shall not hear evidence on a postconviction motion that either: (1) fails to allege facts warranting relief, or (2) raises claims refuted by the files and records of the case, or (3) shows no prejudice. Rule 29.15(g); *State v. Starks,* 856 S.W.2d 334, 336 (Mo.banc 1993).

■ In reviewing the motion court's denial of Appellant's claim, this Court is limited to determining whether the above findings and conclusions are clearly erroneous. Rule 29.15(j); *State v. Mallory,* 851 S.W.2d 46, 49 (Mo.App.1993). The findings and conclusions of the motion court are clearly erroneous

only if a review of the entire record leaves this Court with a definite and firm impression that a mistake was made. *Id.*

To prevail on a claim of ineffective assistance of counsel, Appellant must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was thereby prejudiced. *State v. Chowning,* 866 S.W.2d 165, 171 (Mo.App.1993) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987)). Appellant may show prejudice with proof that, but for counsel's unprofessional errors, there is a reasonable probability that the result would have been different. *Sidebottom v. State,* 781 S.W.2d 791, 796 (Mo. banc 1989), *cert. denied,* 497 U.S. 1031, 110 S.Ct. 3295, 111 L.Ed.2d 804 (1990).

Appellant failed to prove that, but for trial counsel's decision not to offer the audiotape, the result of his trial would have been different. As the motion court indicated, trial counsel impeached Bowles effectively without the audiotape. Under cross-examination, Bowles admitted that he had previously lied. Because counsel adequately impeached Bowles through cross-examination, there was no prejudice in counsel's failure to offer the tape as evidence and no basis for finding that the audiotape would have changed the outcome of Appellant's trial.

Additionally, Appellant failed to plead facts showing that the audiotape would have been admissible. Failure to offer inadmissible evidence is not ineffective assistance of counsel because the trial court would have rejected the offer. *See State v. Twenter,* 818 S.W.2d 628, 638 (Mo. banc 1991), and *State v. Zimmerman,* 886 S.W.2d 684, 693 (Mo.App. 1994).

The denial of Appellant's 29.15 motion is affirmed.

SHRUM, C.J., and FLANIGAN, J., concur.